Delivered December 5, 1890.

---

MISSOURI PACIFIC RAILWAY COMPANY v. CHINA MANUFACTURING COMPANY.

No. 3226.

1. **Common Carrier—Restricted Liability.**—A common carrier by contract, in cases not governed by the statutes of this State forbidding it, may stipulate against liability from *loss by fire* when made with the condition the law attaches to it, which is that the carrier under such a contract will not be liable for a loss occurring through the excepted clause unless the negligence of itself or servants contributed to the loss.

2. **Practice—Burden of Proof.**—In case of limited liability the burden of proof is upon the carrier to prove that the cause of the loss was within the exceptions, and further to negative negligence on its part.

3. **Negligence—Fact Case.**—See testimony *held* not to clear the railway company from negligence in the loss of a car load of cotton while in its care.

APPEAL from Smith. Tried below before Hon. Felix J. McCord.

The opinion gives a statement.

*Whitaker & Bonner,* for appellant.— 1. This being an interstate shipment, the provision exempting defendant from liability on account of loss by fire is valid. Ryan & Co. v. Railway, 65 Texas, 13.

2. In order to rebut the prima facie case made by plaintiff by producing his bill of lading and proof of nondelivery by the carrier, it is only necessary for defendant to show that the failure to deliver was the result of a contingency provided against in the bill of lading, and that the same occurred without any negligence on the part of it or any of its agents. Ryan & Co. v. Railway, 65 Texas, 13.

*John M. Duncan,* for appellee.— 1. The provision in the bill of lading exempting the railway company from liability for loss by fire is invalid. Rev. Stats., art. 278; Ryan & Co. v. Railway, 65 Texas, 13.

2. The evidence for defendant did not rebut the presumption of negligence arising from the established fact that the cotton was destroyed by fire while in possession of defendant under the contract of carriage. Ryan & Co. v. Railway, 65 Texas, 13.

STAYTON, CHIEF JUSTICE.—This action was brought to recover the

value of twenty-five bales of cotton, the property of appellee, shipped over appellant's road and to be carried on it and its connections from Campbell, Texas, to Suncook, in the State of New Hampshire. The cotton was destroyed by fire while in one of appellant's cars on side track at compress at Greenville, Texas.

The shipping contract limited appellant's own liability and that of each connecting carrier to injury resulting on the line in whose custody the cotton might be at time of injury, appellant "assuming no other responsibility for its safety or safe carriage than may be incurred on its own road." It also contained a provision that neither of the carriers over whose line the cotton should pass "shall be liable for loss or damage of any kind occasioned by delays from any cause, or by change of weather, or for loss or damage by fire, or for loss or damage on seas, lakes, canals, or rivers;" and reserved to the carriers the "privilege of compressing all cotton signed for on this bill of lading."

Appellant relied upon the claim relieving it from liability on account of the destruction of the cotton by fire.

Several witnesses stated that they did not know what caused the fire, but that when the alarm sounded they were near by; that the compress building was destroyed, with a large quantity of cotton, some flat cars loaded with cotton, and the cotton platform.

Two witnesses stated "that they were in the employment of the defendant company as engineers of switch engines; that the engines they were using were provided with spark arresters in good condition, and that their engines were carefully handled, and that they had not been near the said compress for three and a half hours previous to the commencement of the fire."

The inference from the evidence is that the fire originated in the compress, and shows that railroad track was situated on the east side of that, and that the wind was blowing a little south of west.

It was admitted that the cotton was burned in one of defendant's cars, while standing on defendant's side track, near the compress, where it had been set out for compressing.

This is all the evidence tending to show how the accident occurred; but it seems that fifty bales of cotton were shipped at the same time in two cars, both of which were placed on side track at compress, and that one of them was saved with twenty-five bales of cotton in it, while the other, with the cotton contained in it, was destroyed.

It is claimed by appellant that the contract in question is not to be governed by the statute in force in this State, which denies to the carrier the right to limit its liability as fixed by the common law if the carriage be wholly within this State, and that for this reason full effect is to be given to that clause in the contract which in terms relieves the carrier from liability for a loss caused by fire.

The facts before us do not show whether appellant's line extends beyond the limits of this State, and it therefore becomes unnecessary to inquire whether a contract made by a carrier whose line is wholly within this State, by which its liability is restricted to a loss occurring while the property is in its custody, will be subject to the statutes of this State, although by the terms of the contract the property is to be carried by connecting lines to a point without this State.

If the contract is to be governed by the statutes of this State the limitation relied upon can not be given effect, and the carrier would be held liable unless it showed that the loss occurred from a cause that would relieve it from liability under the rules of the common law.

There is no claim that the loss occurred from any such cause.

If the contract be one not governed by the statutes of this State, then the limitation of liability found in it is lawful when read with the condition the law attaches to it, which is that the carrier under such a contract will not be liable for a loss occurring through the excepted cause unless the negligence of itself or servants contributed to the loss.

This brings us to the questions on which the decision of this case must rest.

1.    Upon whom rests the burden of proof to show that the loss did or did not occur through the negligence of the carrier?

This question was settled in the case of Ryan v. Railway, 65 Texas, 13, in which it was held that the burden of proof was on the carrier not only to show that the cause of the loss was within the terms of the exception, but also that there was on his part no negligence or want of due care.

The reasons for the rule adopted in that case are fully stated, and we are fully satisfied of its correctness and with the reasons which led to its adoption.

2.    Does the evidence show that the loss occurred without negligence on the part of the carrier?

It seems to us not.   It is not shown how the fire originated.   It is not shown that it may not have originated from a passing train, and the fact that the switch engines had not been near it for some hours only tends to show that the fire did not occur from sparks escaping from them.   What efforts were made for protection of cotton in cars on side tracks is not shown, nor is it shown that by the exercise of reasonable diligence the car in which the cotton was might not have been removed to a place of safety after the fire began.   One car was saved.   What effort was made to save the other?   As to all these matters the record is silent.

Under this state of facts the finding of the court below, which, in the absence of a showing to the contrary, must be presumed to have been with a proper holding as to the law of the case, can not be disturbed, and the judgment will be affirmed.

*Affirmed.*

Delivered December 5, 1890.