TEXAS & PACIFIC RAILWAY COMPANY v. RICHMOND & TIFFANY.

No. 1024.   Decided June 20, 1901.

**1.   Carrier—Interstate Commerce—Limiting Liability—Loss by Fire.**

Article 430, Revised Statutes, prohibiting carriers from limiting their liability, applies only to transportation within this State and does not prevent carriers of interstate commerce from contracting, as they might at common law, against liability for fire not caused by their negligence.   (P. 575.)

**2.   Same—Negligence—Burden of Proof.**

The burden of proof is upon the carrier to show that a loss by fire, where the contract exempted it from liability therefor, did not occur through its negligence; but it is not necessary that such proof exclude the possibility of negligence on its part in order to entitle it to a submission of the issue.   (P. 576.)

**3.   Same—Question of Fact.**

See evidence under which it was error to instruct the jury to find for plaintiff, though the defendant carrier's evidence did not show what was the cause of the fire, nor conclusively prove absence of negligence on its part.   (Pp. 574-577.)

Error to the Court of Civil Appeals for the Fourth District, in an appeal from Dallas County.

Richmond & Tiffany sued the Texas & Pacific Railway Company, and had judgment which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*Perkins, Gilbert & Hall,* for plaintiff in error.—A contract made in Texas for interstate shipment may lawfully exempt carrier from liability for loss by fire, unless caused by its negligence. Railway v. Sherwood, 84 Texas, 133.

A charge which renders nugatory a valid contract between the parties is erroneous. Where loss occurs under such contract, the most that can be required of the carrier is to bring itself within the exception, and show that it was not negligent. It need not show how the fire originated. Buck v. Railway, 150 Pa. St., 170; Hill v. Sturgeon, 35 Mo., 212.

Negligence is a question of fact for the jury; and where there is any evidence upon a disputed question of fact, it is error to withdraw the case from the jury; and a charge which does so is upon the weight of evidence. Levy v. McDowell, 45 Texas, 226; Railway v. Hodde, 42 Texas, 468; Railway v. Powers, 149 U. S., 43.

Where carrier is, by special contract, exempt from liability for loss by fire, he is bound to use only ordinary care in handling the shipment. Railway v. Talbott, 47 Ark., 97; Adams Ex. Co. v. Sharpless, 77 Pa. St., 516.

Whether the requisite care has been exercised by a carrier in transportation of merchandise depends upon nature of service and the circumstances under which it is performed, and is a question of fact to be determined by a jury under proper instructions. Reynolds v. Williams, 1 Texas, 311; Railway v. Murphy, 46 Texas, 366; Railway v. Reeves, 10 Wall., 176; Mitchell v. U. S. Ex. Co., 46 Iowa, 214.

Where the carrier has brought itself within the exceptions of a valid contract exempting it from liability, and has further shown the exercise of ordinary care under the circumstances, the burden is then upon the shipper to show, affirmatively, negligence by the carrier before he can recover. Schaller v. Railway, 71 N. W. Rep., 1042; Reid v. Railway, 35 N. E. Rep., 704.

*Coke & Coke,* for defendants in error.—If a carrier contracts by its bill of lading for exemption from liability for damage to or destruction of property delivered to it for transportation by fire, and said property is destroyed by fire while in possession of the carrier and in transit, the burden rests upon the carrier to show that such fire was not due to its negligence; and the carrier does not show that the fire was not due to its negligence when it wholly fails to show the cause and origin of the fire, and only shows that it was not negligent in certain specified particulars, because such proof only shows that the

carrier was not negligent in the particulars named, but does not show or tend to show that it was not negligent in some other particular or particulars, and that negligence in such other particular or particulars did not cause or contribute to the destruction of the property by fire. Ryan v. Railway, 65 Texas, 18; Railway v. Manufacturing Co., 79 Texas, 27; Insurance Co. v. Railway, 1 Disney (Ohio), 480; Graham v. Davis, 4 Ohio St., 374; Railway v. Moss, 45 Am. Rep., 429; Railway v. Touart, 11 So. Rep., 757; Cotton Co. v. Railway, 10 Am. and Eng. Ry. Cas. (N. S.), 334, and note, pp. 336, 337; Railway v. Parmer, 30 S. W. Rep., 1109; Railway v. Bath, 44 S. W. Rep., 602.

Since the case of Ryan v. Railway, 65 Texas, it has been the settled law of this State that when goods in the possession of a carrier are destroyed by fire, such loss raises a presumption of negligence on the part of the carrier. When the carrier seeks to escape liability under its special contract exempting it from loss and damage occasioned by fire, it can rebut this presumption of negligence by showing that the loss occurred from causes over which it had no control and was in no manner occasioned or contributed to by its negligence or want of care. But the burden is on the carrier to do this, and unless it does it, it fails to show that the loss in the particular case was occasioned by the risk excepted from its contract of insurance.

The carrier in this case introduced testimony to show that the car containing the cotton was in good order and properly closed; that the engines which pulled it and met and passed it on the road were likewise in good order and provided with approved spark arresters, and that said engines were properly handled; but it wholly failed to explain or account for the cause or origin of the fire. The cotton was in the possession of appellant from the 7th to the 16th of December, and was in good order when delivered to them, and appeared to be in good order two days later when it was compressed and reloaded. Whatever the cause of the fire, it is safe to say that such cause originated or came into existence after the cotton had been delivered to appellant. Whether nine days was a reasonable time in which to transport the cotton from Detroit to the point where it was burned does not appear. Where said car was during said nine days, except when in a train on the road, does not appear. With what it was in contact and to what it was exposed, except when in a train on the road, does not appear. That the axles were kept properly greased so that a box might not become hot does not appear. That the car was not exposed to fire from other sources than appellant's engines does not appear. In fact nothing is shown except that the car was in apparent good order and that the engines pulling this car and the engines meeting and passing it on the road were in good order and were fitted with proper spark arresters. The occurrence of the fire raised the presumption of appellant's negligence. The loss of the cotton imposed upon appellant a prima facie liability. This presumption could be rebutted and this prima facie liability overcome only by the carrier's showing itself free from all negligence—not free from negligence in certain particulars

only, unless those particulars excluded all negligence and want of care. If the facts and circumstances were such that fire was possible only from certain causes, then a showing that fire from any one of these possible causes could not have been occasioned or contributed to by appellant's negligence would be a showing that the fire occurred without its negligence. But we have no such case presented, and any number of conjectures as to the cause and origin of said fire are much more reasonable than that of spontaneous combustion, which is almost the only cause of the fire that could have existed without some negligence on the part of appellant. The fact is that so far as the evidence goes appellant does not know what caused the fire, and therefore is unable to say that its occurrence could not have been prevented by due care.

BROWN, Associate Justice.—From the statement of the case and of the evidence made by the honorable Court of Civil Appeals, we make the following extract:

"This action was for damages for cotton consumed by fire near Davis, La., while in the carrier's hands under a contract for transportation from Detroit, Texas, to Darlington, R. I., said shipment to be via New Orleans, La., and the Cromwell line. The evidence introduced by defendant was to the effect that the cotton was compressed at Clarksville and was in good order when placed in the box car there; that the doors of this car were sealed up and cleated; that it left the compress under the compress seal, which was A. 61. (Com.) The conductor who had charge of the cotton from Clarksville to Texarkana testified that the doors of the car were closed, cleated, and sealed and securely fastened, and that it was not in any way exposed to fire while in his possession. The same in substance was testified to by defendant's conductors, viz: J. B. Strock, who handled the cotton from Texarkana to Marshall on December 12, 1897; W. V. Brown, conductor from Marshall, Texas, to Boyce, La., December 14, 1897, and W. D. Barksdale, the conductor from Boyce to Davis, La., in whose possession the car was when discovered to be on fire on December 16th. The cotton left Clarksville on December 9th, making seven days out before the cotton was observed to be on fire. The testimony of Barksdale was that the fire was first noticed from smoke coming through the top of the car at a point about a mile and a half east of Davis, which (is) about nineteen miles this side of New Orleans and 180 miles from Boyce; that there were no breaks or cracks visible in the car, that it was cleated and sealed by seals (A. 61 Com.), and that there were no alterations in the seals during the time he had the car. There were forty cars on this train and this car was the thirty-second from the engine.

"Strock testified that on his train from Clarksville to Texarkana the car was the tenth from the engine and that the cotton was not exposed to fire in any way while on his run, and that fire could not have reached the cotton in the car, as it was sealed and cleated. The

other conductors testified substantially the same, and testified to the carefulness and competency of their respective engineers. Van Hees, the engineer on Barksdale's train, testified as to his engine and spark arrester, etc., being perfect appliances, and that the engine threw no sparks, and this was also in effect the testimony of the other engineers handling the cotton after it left Clarksville; and each testified that nothing happened to the cotton while on his train. That the several engines that had been used on the trip were in good condition as to appliances for arresting sparks was testified to, as were all engines of defendant in use between Clarksville and Texarkana and Texarkana and Marshall, Texas, and Marshall and Boyce, La."

The contract of shipment contained the following stipulation: "That neither the Texas & Pacific Railway Company nor any connecting carrier handling said cotton shall be liable to damages to or for destruction of the said cotton by fire, * * * nor for any loss thereof or damages thereto by causes beyond its control."

"The court directed the jury to return a verdict for plaintiff for the amount which the parties had agreed should be found, if defendant was liable. The charge gives us the benefit of the judge's view of the law of the case. He told the jury in substance that by the uncontroverted evidence all the facts were shown which were necessary to entitle plaintiffs to recover, unless the fire was not caused by defendant's negligence; that the burden of proof was on defendant to show this; that there was no proof as to what caused the fire, and that while defendant may have exercised due care in the particulars in respect to which its testimony relates, it is impossible to say that defendant has shown that the fire was not occasioned by its negligence when there is no proof as to what did cause the fire; therefore, you are instructed to return a verdict for plaintiff."

A verdict was returned for the plaintiff and judgment entered in accordance therewith, which was affirmed by the Court of Civil Appeals.

Article 320 of the Revised Statutes reads as follows: "Railroad companies and other common carriers of goods, wares, and merchandise, for hire, within this State, on land or in boats or vessels on the waters entirely within the body of this State, shall not limit or restrict their liability as it exists at common law, by any general or special notice, or by inserting exceptions in the bill of lading or memorandum given upon the receipt of the goods for transportation, or in any other manner whatever, and no special agreement made in contravention of the foregoing provisions of this article shall be valid." The article quoted purports, by its language, to apply only to such carriers as are engaged "in carrying goods, wares, and merchandise for hire within this State," and does not prohibit carriers of interstate commerce from limiting their common law liability. Railway v. Sherwood, 84 Texas, 133. In the case cited, this court held, upon construction of the language itself, that it did not embrace trans-

portation such as is involved in the case now before the court, and it is unnecessary for us to extend the discussion of the subject.

The clause of the contract by which the liability of the carrier was limited not being within the terms of the statute, the right of the shipper to recover for the loss depends upon the common law, which prohibits a carrier from making terms which will exempt it from liability for the negligence of itself or its servants. The limitation upon its liability being lawful, the plaintiff in error is not liable if the loss occurred from any of the causes named in the exception without negligence of itself or servants. If, however, the loss occurred from the negligence of the railroad company or of its servants, then it is liable, and we come to the question which was determined in Railway v. Manufacturing Company, 79 Texas, 28, in this language: "Upon whom rests the burden of proof to show that the loss did or did not occur through negligence of the carrier?

"This question was settled in the case of Ryan v. Railway, 65 Texas, page 13, in which it was held that the burden of proof was on the carrier not only to show that the cause of the loss was within the terms of the exception, but also that there was on his part no negligence or want of due care." Railway v. Manufacturing Co., 79 Texas, 28.

It is not denied by the plaintiff in error that the burden rested upon it to establish the defense, but the court assumed that the evidence which it produced was not sufficient to entitle the defendant to have the issue submitted and instructed the jury to find for the plaintiff. We are of opinion that if the issue had been given to the jury and had been found for the railway company, this court could not have held that there was no evidence to sustain the verdict. The law does not require a railroad company, in defending itself under such a contract, to exclude the possibility that the fire occurred from some cause connected with the management of its railroad, nor in fact to exclude the possibility of negligence on the part of its servants. The burden of proof means in this case, as in others, that there must be sufficient evidence introduced to justify a jury in finding a verdict in favor of the party who affirms the issue. When this burden is discharged, the carrier is entitled to have the question submitted, although, under the evidence, the jury may find a verdict against it. If the law required that the carrier should prove its defense so conclusively that a jury could not find against it before the court would be allowed to submit the issue, then there could be no state of case in which such issue could be properly submitted on the evidence of the carrier alone, for if the evidence was not sufficient to permit the submission, the court must direct the jury to find for the plaintiff. On the other hand, if the evidence should be so conclusive that the jury could not find to the contrary, then there would be nothing to submit to the jury and it would be the duty of the court to instruct them to find for the defendant. When the question of fact has been so evolved in the evidence as to call for its submission to the jury, the court has no control over it

until the verdict has been rendered. It may be more difficult for the defendant to meet the requirements of the law by proof in this class of cases than in others, but the same rules must govern the trial court in the submission or withdrawal of such issues from the jury.

The District Court erred in the charge given to the jury by which it withdrew from them the issue of negligence on the part of the plaintiff in error, and the Court of Civil Appeals erred in affirming the judgment of the District Court. It is therefore ordered that the judgments of the District Court and of the Court of Civil Appeals be reversed and that this cause be remanded.

*Reversed and remanded.*