SOUTHERN PACIFIC COMPANY ET AL. V. WEATHERFORD COTTON MILLS.

Decided January 21, 1911.

**1.—Carriers—Joint Liability—Act of Congress.**

In interstate shipments on through bills of lading, under the Act of Congress of 1906, the initial carrier is liable to the owner for any negligent damage to the shipment during transportation, without regard to the road on

which the damage occurred; and any stipulation in a bill of lading to the contrary is void and of no effect.

### 2.—Same—Damage to Shipment—Presumption of Negligence.

Any stipulation in a bill of lading exempting a carrier from liability for loss of or damage to the goods occasioned by fire, is of no effect if the fire was due to the negligence of any carrier handling the goods; and negligence will be presumed from the fact of damage to the goods while in the possession and under the control of the carrier.

### 3.—Same—Evidence.

In a suit to recover damages for loss of goods shipped from Texas to New York and there destroyed by fire, evidence considered, and held insufficient to overcome the presumption of negligence on the part of the carrier in whose possession they were when destroyed.

Appeal from the District Court of Parker County. Tried below before Hon. J. W. Patterson.

*W. L. Hall* and *H. C. Shropshire,* for appellant.—Where a shipment of freight while in the hands of a common carrier is damaged by some cause coming within the exceptions in the bill of lading, the carrier is not liable unless it has been guilty of negligence in connection therewith; hence it was error for the court to render judgment for the plaintiff under the facts in this case. Missouri Pacific Ry. Co. v. Sherwood, 84 Texas, 132; St. Louis, I. M. & S. Ry. Co. v. Bone, 11 S. W., 958; Lancaster Mills v. Merchants' Cotton Press and Storage Co., 14 S. W., 317; Cau v. T. & P. Ry. Co., 113 Fed., 91; Cau v. T. & P. Ry. Co., 194 U. S., 427, 48 L. Ed., 1053; Morse v. Canadian Pac. Ry. Co., 32 Am. & Eng. R. R. Cases (N. S.), 296; Louisville & N. R. Co. v. Harned, 66 S. W., 25; Anderson v. A., T. & S. F. Ry. Co., 67 S. W., 707; Missouri Pacific Ry. Co. v. China Manufacturing Co., 79 Texas, 28; Ryan v. M., K. & T. Ry. Co., 65 Texas, 18.

*F. O. McKinsey,* for appellee.—The appellant Texas & Pacific Railway Company, having received the shipment of yarn to be shipped from a point in Texas to a point in New York State and having issued to plaintiff its bill of lading therefor, it was, under Act of Congress of June 29, 1906, amending an Act to regulate interstate commerce, absolutely liable to appellee for the damage done thereto by its co-defendant, to whom the shipment was delivered and over whose line it passed, and that, regardless of the stipulations in the bill of lading exempting the carriers of said freight from liability for loss or damage thereto by fire. So. Pac. Co. v. Meadors & Co., 129 S. W., 170, where the amendment to the Federal statute is set out; Houston & T. C. Ry. Co. v. Lewis, 129 S. W., 594; Galveston, H. & S. A. Ry. Co. v. Piper, 115 S. W., 107; Galveston, H. & S. A. Ry. Co. v. Crow, 117 S. W., 170; Galveston, H. & S. A. Ry. Co. v. Wallace, 117 S. W., 169.

DUNKLIN, ASSOCIATE JUSTICE.—The Weatherford Cotton Mills recovered a judgment against the Southern Pacific Company and the

Texas & Pacific Railway Company for damages to goods which plaintiff shipped from Weatherford, Texas, to Valetie in the State of New York, and the Texas & Pacific Company has appealed.

The goods were shipped on a through bill of lading issued by the appellant, the initial carrier, and the damage to the goods for which judgment was recovered was caused by a fire on the wharf under control of the Southern Pacific Company in the city of New York, where the goods had been unloaded from one of the boats of the last named company and were there awaiting further transportation to the place of destination.

The bill of lading contained stipulations that the initial carrier should be exempt from liability for damages to the goods sustained on the line of any connecting carrier, and the further stipulation "that the Texas & Pacific Railway Company nor any connecting carrier handling this shipment shall be liable for damage or destruction of said property by fire."   . . .

The shipment being interstate, the Act of Congress of June 29, 1906, chapter 3591, paragraph 7, 34 Stat., 595, Fed. Stat. Anno. Sup., 1907, p. 180, must control. That Act provides: "That any common carrier, railroad, or transportation company receiving property for transportation from a point in one State to a point in another State shall issue a receipt or a bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass, and no contract, receipt, rule, or regulation shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed. Provided, that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law. That the common carrier, railroad or transportation company issuing such receipt or bill of lading shall be entitled to recover from the common carrier, railroad, or transportation company on whose line the loss, damage, or injury shall have been sustained, the amount of such loss, damage, or injury as it may be required to pay to the owners of such property, as may be evidenced by any receipt, judgment, or transcript thereof."

Unquestionably, the stipulation in the bill of lading for exemption from liability for loss or damage to the goods occasioned by fire is without effect if the fire was due to the negligence of any carrier handling the goods. The employees of the Southern Pacific Company testified that the fire originated in a tier of cotton upon the wharf, but that they were unable to discover its cause after diligent effort made to do so, and as there was no evidence to show how it started, appellant insists that there was no proof of negligence on the part of the Southern Pacific Company as a basis for the judgment. The presumption of negligence arose from damage to the goods by fire occurring upon premises in the possession and under the control of the Southern Pacific Company, and the burden was upon the appellant to rebut this pre-

sumption by competent evidence. Ryan v. Missouri, K. & T. Ry. Co., 65 Texas, 13; Missouri Pac. Ry. Co. v. China Mfg. Co., 79 Texas, 27; Texas & P. Ry. Co. v. Richmond, 94 Texas, 571.

There were watchmen employed upon the pier at the time of the fire, and, while the fire was first discovered by them, none of them were called to testify in the case. Nearly all the witnesses testifying concerning the fire were absent from the wharf at the time of its occurrence and gained their information from hearsay, and it was shown that the pier was used by no one except the Southern Pacific Company. Furthermore, while some of the witnesses testified that after the fire had burned for a short time the city authorities assumed control of all operations to extinguish it, and excluded everyone else from the wharf, yet the jury would have been authorized to find that by the exercise of ordinary care the goods could have been removed before such action of the city authorities and after the fire started, more than two hundred feet distant from the goods.

In view of the entire record we are unable to say that the presumption of negligence on the part of the Southern Pacific Company was conclusively overcome by the evidence. This will require an affirmance of the judgment.

The foregoing conclusion renders it unnecessary to determine a further question which has occurred to us, namely, whether or not the Act of Congress referred to should be construed as an enactment of the common law rule of liability of common carriers, with restrictions against a limitation of that liability by contract, as was done by Sayles' Civil Statutes, articles 319 and 320, in case of shipments wholly within this State; and, further, fixing the liability of the initial carrier for all damages for which any connecting carrier would be liable under the common law rule. If that Act should be so construed, then appellant would be liable for the damages to appellee's goods proven in this case, even though it had not been shown that the injury to the goods resulted from negligence on the part of the Southern Pacific Company, there being no evidence to show that the damage occurred through the act of God or through any other agency exempting the carrier from liability under the common law. For a discussion of the common law rule of liability of common carriers see Gulf, C. & S. F. Ry. Co. v. Levi, 76 Texas, 340; Texas & P. Ry. Co. v. Richmond, 94 Texas, 571; 4 Elliott on Railways, sec. 1454.

The judgment is affirmed.

*Affirmed.*