## HOUSTON & T. C. R. CO. v. PARKER.

(Court of Civil Appeals of Texas. Ft. Worth. May 20, 1911.)

1. CARRIERS (§ 228*) — LOSS OF FREIGHT — PRIMA FACIE CASE.

Proof that the car in which a horse was shipped was burned during transportation prima facie establishes the liability of the carrier, in the absence of an explanation by it as to the cause of the loss.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 957; Dec. Dig. § 228.*]

2. CARRIERS (§ 228*) — SHIPMENT OF LIVE STOCK—EMPLOYMENT OF PERSON TO CARE FOR PROPERTY—EVIDENCE.

The mere fact that a third person shipped an animal on the train carrying a shipper's race horse, and that the two had known each other for several years, and were both friends of the race track, did not justify the inference that the third person had been employed to care for the shipper's horse during the trip.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. § 228.*]

3. CARRIERS (§ 228*) — CARRIAGE OF LIVE STOCK—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

Where a shipper of a race horse placed the animal in the car designated for that purpose, tying it as race horses are tied, and the animal was only to be transported about 125 miles, and there was no necessity for feeding and watering during transportation, the mere fact that the shipper did not accompany the animal during the transportation did not place on him the burden of proving his freedom from contributory negligence, but the carrier, seeking to avoid a liability for the loss of the animal during transportation, must prove contributory negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 957; Dec. Dig. § 228.*]

Appeal from District Court, Tarrant County; Mike E. Smith, Judge.

Action by J. W. Parker against the Houston & Texas Central Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 135 S. W. 369.

Spoonts, Thompson & Barwise, for appellant. McCart, Bowlin & McCart, for appellee.

SPEER, J. J. W. Parker recovered judgment against the Houston & Texas Central Railroad Company for the loss of a fine race mare shipped by plaintiff over the line of the defendant company from Marlin to Ft. Worth. The defendant pleaded the general denial and contributory negligence.

[1] In the first paragraph of the court's charge, the jury is instructed as follows: "In this cause you will return a verdict for the plaintiff for the reasonable market value of the horse and other property in question at Ft. Worth, Tex., at the time the same would have arrived in due course of transportation unless you find for the defendant under the subsequent instructions given by the court." This is challenged as being on the weight of the evidence and in-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

vading the province of the jury. The facts show, however, that the car in which the animal was shipped, including the mare and all other contents, was burned so that in the absence of an explanation by defendant as to the cause of the loss it was liable to plaintiff on its contract for the nondelivery of his property and the court did not err in so stating. Ryan v. M., K. & T. Ry. Co., 65 Tex. 13, 57 Am. Rep. 589; T. & P. Ry. Co. v. Richmond, 94 Tex. 571, 63 S. W. 619.

[2] Appellant's charge requesting the submission of the issue of contributory negligence in the failure of the witness Higginbotham to look after and care for the mare on her trip from Marlin to Ft. Worth was properly refused because the evidence did not raise such issue. Both the appellee and Higginbotham testified positively that the latter was in no manner authorized or requested to look after her en route, and no other evidence was introduced tending to show that such an arrangement was made, although the witness Higginbotham shipped an animal in the same train with appellee's and accompanied the same on its journey. We do not think the fact that appellee and witness had known each other for several years, or that they were friends of the race track, or even that they had been drinking together that day, justified the inference sought to be submitted by the charge.

[3] The court properly placed the burden of proof on the issue of contributory negligence on appellant. If the evidence raised that issue at all, it certainly was not such as to impose the burden on appellee. Appellee's evidence shows that he placed the mare and other property in the car designated for that purpose, tying her carefully, as race horses were always tied; that she was the only animal he had on the train, and since the distance from Marlin to Ft. Worth was only 125 to 150 miles, and there was no necessity for feeding and watering her in that short distance, he did not accompany her. There was other evidence corroborating him upon the question of care in shipping that distance without an attendant.

We find no error in the judgment, and it is affirmed.