GULF, C. & S. F. RY. CO. v. BRACKETT-FIELDER MILL & GRAIN CO. et al.

(Court of Civil Appeals of Texas. Dallas. Jan. 17, 1914.)

1. COMMERCE (§ 61*)—LIMITATIONS OF LIABILITY—APPLICATION OF STATE STATUTES.

The Texas statute prohibiting railway companies from limiting their common-law liability by provisions in the bill of lading does not prohibit carriers of interstate commerce from doing so.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. §§ 81–84, 89; Dec. Dig. § 61.*]

2. CARRIERS (§ 180*)—FREIGHT—LIMITATIONS OF LIABILITY.

Under Act Cong. June 29, 1906, c. 3591, § 7, 34 Stat. 593 (U. S. Comp. St. Supp. 1909, p. 1166), making the initial carrier in interstate transportation liable to the holder of the bill of lading for any loss or damage to the goods, a provision in the bill of lading of an interstate shipment, that the initial carrier or any connecting lines should not be held liable for the safe and proper carriage of the goods beyond its own line, was ineffectual to relieve any carrier of liability for negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 815–828; Dec. Dig. § 180.*]

3. CARRIERS (§§ 185, 187*)—FREIGHT—PRESUMPTION OF NEGLIGENCE.

It is presumed that negligent delay in shipment was caused by the negligence of the terminal carrier; but such presumption may be rebutted, and, where there was substantial evidence that the delay did not occur on the line of the final carrier, the question should have been submitted to the jury, and hence in such a case an instruction that, if the shipment was negligently and unnecessarily delayed, the terminal carrier would be liable was erroneous.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 835–852; Dec. Dig. §§ 185, 187.*]

4. CARRIERS (§ 184*)—GENERAL DENIAL—EVIDENCE.

In an action against a terminal carrier for damage from delay in transportation, evidence that such carrier transported the goods with reasonable diligence to destination was admissible under the general denial.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 832–834; Dec. Dig. § 184.*]

Appeal from Grayson County Court; J. Q. Adamson, Judge.

Action by the Brackett-Fielder Mill & Grain Company against the Gulf, Colorado & Santa Fé Railway Company, in which another intervened as a purchaser of the claim sued on. From a judgment for plaintiff and intervener, defendant appeals. Reversed and remanded.

Terry, Cavin & Mills, A. H. Culwell, and John G. Gregg, all of Galveston, for appellant. Chas. Crenshaw and J. T. Cunningham, both of Sherman, for appellees.

TALBOT, J. Appellees Brackett-Fielder Mill & Grain Company, a corporation, brought this suit in the justice court of precinct No. 1 of Grayson county, Tex., against the appellant to recover damages in the sum of $135.19, alleged to have been sustained by reason of delay in the transportation of a car load of oats from St. Louis, Mo., to San Angelo, Tex. The plaintiff alleged, in substance, that said car of oats was delivered to the Wabash Railroad, and by through bill of lading shipped from St. Louis, Mo., on or about the 11th day of September, 1907, over the line of the Wabash Railroad and appellant's road as one of the connecting carriers, and that it did not arrive in San Angelo, Tex., until the 21st day of November, 1907; that this was an unusual and unreasonable length of time for the transportation and delivery of the oats, and that by reason of the delay the purchaser of said oats refused to receive same, and that in consequence thereof the plaintiff was forced to store the same, and incurred various items of expense, including storage, commission, demurrage, and insurance, etc.; that 605 pounds of oats were converted by the defendant, and that by reason of said delay plaintiff suffered damage on account of the decline in the market value of the remaining 1,141½ bushels. A trial in the justice court resulted in a judgment for the plaintiff, and the defendant railway company appealed the case to the county court. In the county court the Sherman Mill & Grain Company, a corporation, intervened, alleging that since the commencement of the suit it had purchased for a valuable consideration the entire interest of the Brackett-Fielder Mill & Grain Company, in the claim sued on, and prayed judgment. The defendant answered by general demurrer, general denial, and various special exceptions, and answered specially that the defendant received the car of oats involved in this suit from its connecting carrier, the Atchison, Topeka & Santa Fé Railway Company, at Gulf Junction, Okl., on November 8, 1907, and that after it received same it transported same, with reasonable diligence and dispatch, to its destination, and that, under and by virtue of the terms of the bill of lading under which this shipment was made, the liability of this defendant for damages for loss and delay were limited to such as might occur on its own line of railroad, and that therefore it was not liable to plaintiff in any amount. The cause came on for trial in the county court, and was tried before a jury on the 31st day of March, 1913, resulting in a verdict and judgment in favor of the plaintiff, Brackett-Fielder Mill & Grain Company, for the use and benefit of the intervener in the sum of $180.03, from which the defendant appealed to this court.

Numerous assignments of error are presented in the brief; but we deem it unnecessary to state and discuss them separately. The court, among other things, charged the jury, in effect, that, when a car load of oats is delivered to one railway to be transported over connecting lines, each line would be responsible to the shipper for damages sustained by him in consequence of a delay in the transportation thereof, regardless of

which line was at fault. This charge is assigned as error, and, as applicable to the facts of this case, we think it was error, for which the judgment must be reversed, and the cause remanded. As is apparent, this was an interstate shipment, and the initial carrier is not sued. It is the delivery or terminal carrier against whom the action is brought, and a judgment is sought against it alone.

The bill of lading stipulated that the initial carrier, the Wabash Railroad Company, and connecting lines should not be liable for damages or delay of goods occasioned by the breaking down of bridges, etc., and that in no event should the said initial carrier or any connecting line be held liable for the safe and proper carriage of the goods beyond its own line.

[1] Our statute prohibiting railway companies and other common carriers of goods, wares, and merchandise from limiting or restricting their liability as it exists at common law, by inserting exceptions in the bill of lading given upon the receipt of the goods for transportation, applies only to such carriers as are engaged in carrying goods, wares, and merchandise for hire within this state, and does not prohibit carriers of interstate commerce from limiting their common-law liability. Railway Co. v. Richmond & Tiffany, 94 Tex. 571, 63 S. W. 619. Act Cong. June 29, 1906, c. 3591, § 7, 34 Stat. 593 (Fed. St. Ann. Supp. 1907, p. 180; U. S. Comp. St. Supp. 1909, p. 1166), provides: "That any common carrier, railroad, or transportation company receiving property for transportation from a point in one state to a point in another state shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass, and no contract, receipt, rule, or regulation shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed: Provided, that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law. That the common carrier, railroad, or transportation company issuing such receipt or bill of lading shall be entitled to recover from the common carrier, railroad, or transportation company on whose line the loss, damage, or injury shall have been sustained the amount of such loss, damage, or injury as it may be required to pay to the owners of such property, as may be evidenced by any receipt, judgment, or transcript thereof."

[2-4] Clearly under this statute the stipulation in the bill of lading issued for the shipment here in question above stated is without effect, if the delay charged in the shipment of appellee's oats was due to the negligence of any carrier over whose line they were transported. But it is well settled by the decisions of this state that the presumption that the delay in the shipment was caused by the negligence of the appellant, the terminal carrier, may be met and rebutted by testimony showing that the delay did not occur on its line. There was substantial evidence introduced by the appellant in support of its defense that the delay alleged did not occur on its line, or through its negligence, and the issue thus raised should have been submitted to the jury by appropriate instructions. Railway Co. v. Richmond & Tiffany, 94 Tex. 571, 63 S. W. 619. By the court's charge the jury was not allowed to pass upon this issue, but was told, in effect, that, if the transportation of appellee's oats was negligently and unnecessarily delayed, appellant would be liable, no matter whether the delay occurred on its road or not. The answer of the appellant in the trial court, to the effect that, after it received the oats at Gulf Junction, Okl., "it transported the same, with reasonable diligence and dispatch, to destination," was stricken out upon motion of appellee; but the defense was available, we think, under the general denial.

We are inclined to the opinion that the other assignments, except such as may accord with the views we have expressed, do not disclose reversible error. For the reason indicated, however, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.