BY THE

ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1914.

---

ELLA F. WRIGHT, Appellant, v. SOUTHERN PACIFIC COMPANY and the MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Respondents.

Kansas City Court of Appeals, June 13, 1914.

1. CARRIERS OF PASSENGERS: Railroads: Baggage. The plaintiff purchased a ticket on the defendants' railroads from Kansas City to San Francisco and checked her trunk valued at $1900. The trunk was lost and she sued to recover its value. Plaintiff failed to declare a value in excess of $100, which was the amount provided in the terms of the ticket should be the carriers' liability in the event the baggage was lost. *Held*, that recovery by a passenger will be restricted by the limitation in the ticket or the regulation fixing the value on which the rate is based as the limit of the carriers' liability.

2. ————: ————: ————. Where one purchases a railroad ticket for transportation from one state to another, which brings the transaction into the field of interstate commerce and checks his trunk and the latter is lost, recovery for the loss will be the amount provided by the ticket and not the value of the property lost.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas,* Judge.

AFFIRMED.

*Boyle & Howell* and *Jos. S. Brooks* for appellant.

(1) Where the expressed purpose of the stipulations in a contract of carriage, relieves the carrier from common-law liability for its own negligence, such stipulations are against public policy and therefore void and of no effect. Vaughan v. Railroad, 62 Mo. App. 461; Blanchard v. Railroad, 60 Mo. App. 267; Potts v. Railroad, 17 Mo. App. 394; The Guildhall, 58 Fed. 796; The Iowa, 50 Fed. 561; Willock v. Railroad, 166 Pa. St. 184, 27 L. R. A. 228. (2) A carrier is by law bound to carry without any limitation of common law liability, and a stipulation relieving it to any extent from the liability imposed by law will not be valid unless supported by consideration. Paddock v. Railroad, 60 Mo. App. 328; Duvenick v. Railroad, 57 Mo. App. 550; Crow v. Railroad, 57 Mo. App. 135; Hance v. Railroad, 56 Mo. App. 476. (3) There was no consideration for the limited valuation. The limitation of liability on the baggage was not part of the rate. Railroad v. Interstate Com. Com., 200 U. S. 361, 391; Interstate Com. Com. v. Railroad, 220 U. S. 253; Railroad v. Albers, 223 U. S. 573. (4) An arbitrary limitation of the amount of recovery is simply a form of contract reducing the carrier's common law liability, and must, therefore, like a general contract limiting common law liability, be supported by a special consideration. Richardson v. Railroad, 149 Mo. 311; Bowring v. Railroad, 77 Mo. App. 250; Kellerman v. Railroad, 136 Mo. 177; McFadden v. Railroad, 92 Mo. 343; Ward v. Railroad, 158 Mo. 226; Express Co. v. Harris, 120 Mo. 73, L. R. A. 214; 6 Cyc. 400.

*Watson, Watson & Alford* for respondents.

(1)   The validity of this clause in the ticket is to be determined by the provisions of the Interstate Commerce Act.   Croninger v. Adams Express Co., 226 U. S. 491, 33 Sup. Ct. R. 148; Railroad v. Harriman Bros., 33 Sup. Ct. R. 397; Miller v. Railroad, 33 Sup. Ct. Rep. 151; Railroad v. Miller, 162 S. W. 76; Ford v. Railroad, 143 N. W. 279 (Minn.).   (2)   This court has no jurisdiction to pass upon the validity of this clause in the ticket.   The Interstate Commerce Commission is the proper tribunal to pass upon that question, and neither this court nor the trial court can set aside as void this provision of a regular approved tariff governing such matters.   See Interstate Commerce Act; Railroad v. Oil Co., 204 U. S. 426, 27 Sup. Ct. R. 350; Robinson v. Railroad, 222 U. S. 506, 32 Sup. Ct. R. 114.

JOHNSON, J.—The defendants are connecting carriers and maintain a joint agency at Kansas City for the sale of joint tickets for transportation from that city to places on the Pacific Coast.   On December 19, 1910, plaintiff purchased at that office a first-class ticket at the regular rate entitling her to transportation from Kansas City to San Francisco, with stopover privileges at Los Angeles and Santa Barbara. She used the ticket and checked baggage thereon consisting of a Barnum wardrobe trunk filled with articles of wearing apparel valued at $1900.   The baggage was lost during the transportation and this suit is for the recovery of its actual value.

The answers plead a defense founded upon the statutory law of California as applied by defendants to a provision in the ticket that "baggage liability is limited to wearing apparel not to exceed one hundred dollars for a whole ticket (this was a whole ticket) and fifty dollars for one-half ticket."   The answers do not

base this defense upon the Carmack Amendment to the Hepburn Act, and plaintiff contends that this omission precludes defendants from employing such defense, but we do not accept this view of the pleaded issues. The facts alleged in the petition and conceded in the answers show conclusively that the transaction in question was in the field of interstate commerce and therefore must be considered as governed by the National laws which, since their enactment, have superseded all State laws and policies pertaining to the subject. [Adams Express Company v. Croninger, 226 U. S. 491; Railway v. Miller, 226 U. S. 513; Railway v. Latta, 226 U. S. 519; Manufacturing Co. v. Railroad, 174 Mo. App. 192; Sloop v. Delano (decided at this term).]

In substance the petition alleges a cause of action under the National laws and the fact that a special defense founded on a State law is pleaded will not deprive defendants of the defenses raised by the general traverse in their answers.

The case was tried in the circuit court on an agreed statement of facts in which the loss of the trunk during its transportation as baggage, and the value of the trunk and its contents, are admitted facts, as are also the facts that a provision in the ticket attempted to limit the baggage liability of the carriers to "one hundred dollars in value for a whole ticket," and that this provision was in accordance with the tariff of the defendant companies filed with the Interstate Commerce Commission. This tariff was introduced in evidence but is not set out in the abstract and we have before us no other regulation contained therein relating to baggage except that mentioned limiting liability for baggage carried free.

The court refused to give plaintiff judgment for the actual amount of her loss but rendered judgment for her in accordance with the limitation in the ticket. Plaintiff appealed.

The Supreme Court of the United States in Railroad v. Hooker, 34 Sup. Ct. Rep. 526, have exhaustively discussed the subject of such regulations of common carriers limiting liability for loss of baggage carried as an incident to interstate transportation of passengers and all that needs be said in support of our conclusion to affirm the present judgment is that that decision is binding upon us and leaves nothing to be said except that the failure of the ticket to give expression to the right of the carriers to impose a charge for carrying baggage of a declared value in excess of one hundred dollars does not materially differentiate this case from that considered by the Supreme Court in which the ticket and tariffs filed with the Interstate Commerce Commission contained a provision limiting such liability to $100, ''unless a greater value is declared and stipulated by the owner and excess charges thereon paid at time of checking baggage.''

The gist of the decision is that as the limitation of liability for baggage was filed and posted by the carrier as a part of its schedules for passenger tariff, the limitation thereby became and was an essential part of its rate from which, under the interstate commerce law, it could not deviate, and by which the passenger was bound, regardless of her knowledge or assent to it. The rate of the ticket issued to plaintiff was based in part on the valuation of the baggage agreed upon by the parties, such agreement being implied from the fact that plaintiff, charged with knowledge of the rate and the service it would purchase, had her trunk checked under its terms without declaring a greater value, and offering to pay a reasonable charge for the extra service.

The regulation in question was a part of the lawful rate and ''the lawful rate is that which the carrier must exact and that which the shipper must pay. To the extent that such limitations are not forbidden by law, they become when filed a part of the rate.'' [Rail-

road v. Hooker, supra.] And in the series of decisions of the Supreme Court dealing with the subject of rates based in part upon value, the rule is declared that even in instances of the loss of the property by negligence of the carrier, the recovery of the shipper or passenger will be restricted by such limitation or regulation fixing the value on which the rate is based as the limit of the carrier's liability.

If plaintiff had declared a greater value at the time of checking her baggage and offered to pay for the additional service, a different question would be presented but in the absence of such declaration she must be held to have acquiesced in the limitation imposed by the filed and published rate and by the terms of her ticket and under the rule just noted she cannot be allowed to recover in excess of the agreed valuation of her property.

The judgment is affirmed. All concur.