**TEXARKANA & F. S. RY. CO. v. BRASS.**
(No. 8696.)

(Court of Civil Appeals of Texas. Dallas. Oct. 14, 1922. Rehearing Denied Nov. 11, 1922.)

1. Carriers ⬅88—Cotton on a compress platform held delivered to carrier issuing bills of lading therefor.

Where baled cotton is placed on a compress platform, the customary place for loading and unloading, and nothing further remains to be done by the shipper to place it in position for loading into the cars, it constitutes a delivery to the carrier issuing bills of lading therefor.

2. Carriers ⬅113—Carrier on issuance of bills of lading bound to highest degree of care, and to transport within reasonable time.

A carrier, being constructively in possession of cotton on its issuance of bills of lading therefor, was bound from that time to the highest degree of care for its safety and was required to transport within reasonable time.

·3. Carriers ⚮149½—Carrier of foreign shipment may under common law exempt itself from responsibility for loss by fire not caused by negligence.

A carrier of a foreign shipment had a right under the common law to limit liability and exempt itself from responsibility for loss by fire unless caused by negligence of itself or agents.

4. Carriers ⚮163—Carrier contracting against loss unless caused by negligence held to have burden of showing lack of negligence.

A carrier in a foreign shipment contracted against loss from fire unless caused by negligence has burden of showing lack of negligence.

5. Carriers ⚮115—Permitting cotton to remain on loading platform five days held negligence rendering carrier liable for loss by fire caused from another carrier's locomotive.

Permitting baled cotton to remain for five days on a loading platform, exposed for five days to danger of fire from sparks from locomotives constituted negligence, rendering the carrier liable for loss by fire caused by sparks from a locomotive of another carrier.

6. Negligence ⚮136(14)—Question for jury.

Negligence is a question for the jury.

7. Appeal and error ⚮719(8)—Trial ⚮351(2), 366—Objection for failure to submit issue held waived.

Where there was no request to submit an issue to the jury, no exception to failure to submit, or assignment of error for such failure, an objection for such failure is waived in view of Rev. St. 1911, art. 1971, providing that objections not made and presented before the charge is read to the jury shall be considered waived.

8. Carriers ⚮125—Insurance on cotton burned held not to affect carrier's liability.

Insurance on cotton burned through carrier's negligence does not affect the carrier's liability.

Appeal from District Court, Dallas County; Horton B. Porter, Judge.

Action by Franz Brass against the Texarkana & Ft. Smith Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Wear & Wear, of Hillsboro, and King, Mahaffey & Wheeler, of Texarkana, for appellant.

C. M. Smithdeal, of Dallas, for appellee.

SERGEANT, C. J. Appellee, on January 2, 1908, having purchased 150 bales of cotton situated on the platform of the cotton compress at Athens, Tex., contracted with the Texas & New Orleans Railroad Company at that place for shipment of the cotton to Port Arthur, Tex., and received from such carrier two bills of lading of that date, covering respectively 100 bales and 50 bales of this cotton for such transportation. On the following day, January 3, 1908, appellee indorsed these two bills of lading to the Tex-

arkana & Ft. Smith Railway Company, at Dallas, Tex., and received from said last-named company export bills of lading covering these identical 150 bales of cotton, in which bills of lading the Texarkana & Ft. Smith Railway Company contracted to transport said bales of cotton from Athens, Tex., to Port Arthur, Tex., by rail, and from there by steamship, George Pyman, to Bremen, Germany, and there to deliver said cotton to the order of shipper.

The cotton remained on the platform until the 8th or 9th of January, 1908, when a fire destroyed 26 bales of this cotton, of the value of $1,430. The fire was caused by sparks emitted by a locomotive owned and operated by the St. Louis Southwestern Railway Company of Texas while passing along its own tracks close by the cotton compress platform. The engine was not equipped with a spark arrester, and the employees of both the St. Louis Southwestern Railway Company of Texas and the Texas & New Orleans Railroad Company knew that the cotton was exposed to such danger where it lay on the platform. Subsequent to the fire the remaining 124 bales not destroyed were placed on the cars of the Texas & New Orleans Railroad Company and transported by that line and by the line of the Texarkana & Ft. Smith Railway Company to Port Arthur, Tex., and by steamship from that point to Bremen, Germany, and delivered to the order of the shipper. Appellee then instituted suit in the district court of Hill County, Tex., against the Texarkana & Ft. Smith Railway Company for the value of the cotton destroyed. From an instructed verdict for the plaintiff for the value of the cotton, and a judgment thereon, the Texarkana & Ft. Smith Railway Company has appealed to this court.

[1] The case hinges on whether there was a delivery to the appellant of the destroyed cotton, and whether its destruction was due to the negligence of the appellant. The agreed statement of facts discloses that the cotton, prior to its purchase by appellee, at the time the bills of lading were taken from the Texas & New Orleans Railroad Company, at the time the bills of lading were taken from the Texarkana & Ft. Smith Railway Company, and continuously up until its destruction by fire, remained in the same location, which was the usual and customary place for the railroads of Athens to load and unload cotton. The shipper had done all required of him to prepare his property for shipment. No further orders from him were necessary, and no further act remained to be done by him to place the cotton in position for loading into the cars. These had all been done. This, we think, constituted delivery to the Texarkana & Ft. Smith Railway Company. Missouri, Kansas & Texas Railway Co. v. Union Insurance Co. (Tex. Civ. App.) 39 S. W. 975; St. Louis & South-

---

western Railway Co. v. Brass (Tex. Civ. App.) 133 S. W. 1075; Adone v. Seeligson, 54 Tex. 593; I. & G. N. Railway Co. v. Dimmit, 5 Tex. Civ. App. 186, 23 S. W. 754.

[2, 3] The Texarkana & Ft. Smith Railway company, being constructively in possession of the cotton from the time of the issuance of its bills of lading, was from such time on bound for the highest degree of care for the safety of the property, and was required to transport it within a reasonable time to its destination. But, as this was a foreign shipment, the carrier had the right, under the common law, to limit its liability and exempt itself from responsibility for loss by fire unless caused by the negligence of itself or its agents. Missouri Pac. Ry. Co. v. Sherwood, 84 Tex. 125, 19 S. W. 455, 17 L. R. A. 643; Texas & Pacific Railway Co. v. Richmond, 94 Tex. 571, 63 S. W. 619; Houston E. & W. T. R. Co. v. Inman, Akers & Inman (Tex. Civ. App.) 134 S. W. 275.

[4] The burden of proof was on appellant to show lack of negligence on its part. Texas & P. Ry. Co. v. Richmond, 94 Tex. 571, 63 S. W. 619; Ryan v. Missouri, Kansas & Texas Railway Co., 65 Tex. 13, 57 Am. Rep. 589.

[5] The appellant endeavored to meet this burden by showing that the fire occurred from sparks emitted by a locomotive belonging to the St. Louis Southwestern Railway Company of Texas, and that the negligence of such company in not having its locomotive equipped with a spark arrester was the proximate cause of the loss. However, the testimony of the witnesses William Brown and L. Cooper, especially the latter, discloses that the cotton was on the compress platform, constantly exposed to the danger of ignition by sparks from passing engines, and that the employees of the railroads at Athens knew of such condition. The fact that the responsibility of the Texarkana & Ft. Smith Railway Company began at the time of the issuance of its bills of lading, and the fact that it permitted the cotton to remain for five days in such an exposed place, we think, constitutes such negligence as to render it liable for the damage occasioned.

[6, 7] Negligence is a question for the determination of the jury, but in this instance no request was made of the court for submission of this issue to the jury, no exception was taken to the court's failure to submit such issue, and no assignment of error complains of the court's action in this respect. Such objection was therefore waived. R. S. 1911, art. 1971.

[8] Appellant contends that appellee had a policy of insurance on his cotton in this compress, but our courts have long since declared that this fact, whether true or not, would not affect the liability of the carrier. Texas & Pac. Ry. Co. v. Levi, 59 Tex. 675; St. Louis & Southwestern Railroad Co. v. Brass (Tex. Civ. App.) 133 S. W. 1075.

Delivery of the property having been made to the Railway Company, such carrier, having been guilty of negligence causing the destruction of the cotton, was therefore liable to appellee to the extent of the loss occasioned thereby.

The decision of the trial court is therefore affirmed.