NAST v. SAN ANTONIO, U. & G. RY. CO. et al. (No. 3815.)

(Commission of Appeals of Texas, Section A. May 14, 1924.)

1. Commerce ⟨⇒⟩33—Shipment of trunk held "interstate" within federal Railroad Administration baggage tariff rule limiting liability.

Shipment of trunk from Pittsburgh, Pa., to San Antonio, and from there to San Diego, Tex., over another railroad, *held* an interstate shipment, to which rule 10 of United States Railroad Administration baggage tariff No. 25— 2, limiting liability for loss of baggage, applied, though owner bought another ticket and had trunk rechecked at San Antonio.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

2. Commerce ⟨⇒⟩8(13)—Liability for loss of interstate shipments determined solely by federal laws and decisions.

Liability for loss of interstate shipments must be determined solely by federal laws and decisions, and Vernon's Sayles' Ann. Civ. St. 1914, art. 708, does not apply.

3. Evidence ⟨⇒⟩20(2)—Judicial notice taken of President's and Director General's rules, but not of tariffs and rate regulations of Railroad Administration.

Courts may take judicial notice of orders of President and general orders of Director General of Railroads, but not of numerous

tariffs and rate regulations promulgated by Railroad Administration.

**4. Appeal and error ⚖️837(12) — Judgment for plaintiff in error, on reversal, cannot be based on evidence not admitted by trial court.**

Court of Civil Appeals cannot reverse and render judgment for plaintiff in error on basis of evidence offered by latter and improperly excluded, though undisputed and in nature of written instrument.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by Jerome Nast against the San Antonio, Uvalde & Gulf Railway Company and another. Judgment for plaintiff reversed and rendered by Court of Civil Appeals (240 S. W. 596), and plaintiff brings error. Judgments reversed and remanded.

Jno. C. Scott, of Corpus Christi, for plaintiff in error.

Kleberg, Stayton & North, of Corpus Christi, for defendants in error.

GERMAN, P. J. Plaintiff in error, Nast, recovered a judgment in the district court of Nueces county, Tex., against defendant in error James C. Davis, Agent, for $1,060, the value of a trunk and its contents alleged to have been lost while being transported by the San Antonio, Uvalde & Gulf Railway Company and its connecting lines. This judgment was reversed and rendered by the Court of Civil Appeals in favor of defendant in error, except that plaintiff in error was permitted to recover the sum of $100. 240 S. W. 596.

At the time the trunk was shipped and lost, the line of road and the properties of the railway company named above were under the authority of the United States Railroad Administration and were operated by it. The decision of the Court of Civil Appeals was based upon the proposition that under the rules and regulations of the Railway Administration each adult passenger could check free of charge 150 pounds of baggage, not exceeding $100 in value, and unless a greater sum was declared by the passenger and charges paid for excess value at the time of delivery to the carrier, no claim for a greater sum than $100 could be sustained, and that such regulation applied to intrastate shipments. In this respect the decision followed the case of Payne v. McConnell (Tex. Civ. App.) 234 S. W. 942. We have had that case under consideration with this one, and the question of the right of the Railway Administration to make rules and regulations affecting intrastate service, which would suspend for the time being article 708 of our state statutes, has been determined in that case. That question is not involved here, as this was unquestionably an interstate shipment, and concededly rule 10

of baggage tariff No. 25—2, under which defendant in error sought to limit liability, applies to interstate transactions. This rule is identical with the rule which has been applied to interstate service for years. Plaintiff in error's wife, who owned the trunk, resided at Pittsburgh, Pa. Desiring to make a trip to San Diego, Tex., she purchased a ticket from Pittsburgh to San Antonio, and had her trunk checked to that place. On reaching San Antonio she bought another ticket over the San Antonio, Uvalde & Gulf Railway to Corpus Christi. At San Antonio she surrendered to the agent her baggage check and received another one, leaving it to the agent to recheck the trunk when it arrived at San Antonio. With reference to her intention she testified:

"When I left Pittsburgh on September 11, 1919, it was my intention to go straight through to San Diego via San Antonio and Corpus Christi. I did not intend or had any intention whatever of stopping at San Antonio—just long enough to make connections. I bought a ticket only to San Antonio because I could make the best connections. As many times as we have come and gone, we always go via San Antonio, and then we have the best rates. That is the only reason. * * * At the time I rechecked this trunk in San Antonio, I merely took the check given me in Pittsburgh and submitted it together with my railroad ticket to the baggage agent in San Antonio, and he gave me this check for it; because I made such close connections they hadn't unloaded the baggage. I never did see my trunk in San Antonio. It was merely an exchange of checks in San Antonio."

[1] Under these facts this was clearly an interstate shipment. The buying of another ticket at San Antonio and the rechecking of the trunk was merely an incident of the continuous journey from Pittsburgh to San Diego, and in no manner changed the character of the transaction. G., H. & S. A. Ry. Co. v. Wood-Hagenbarth Cattle Co., 105 Tex. 178, 146 S. W. 538; G., C. & S. F. Ry. Co. v. Mathis et al. (Tex. Civ. App.) 194 S. W. 1135; C., R. I. & G. Ry. Co. v. Edwards (Tex. Civ. App.) 232 S. W. 356; T. & N. O. Ry. Co. v. Sabine Tram Co., 227 U. S. 111, 33 Sup. Ct. 229, 57 L. Ed. 442.

[2] Defendant in error offered to introduce in evidence rule 10 of the United States Railroad Administration baggage tariff No. 25—2, which fixes the limitation of liability for loss of baggage at $100, in the absence of a declaration of the value of the baggage and the payment of the additional amount to secure liability in a greater sum. On objection this was excluded, on the theory that such rule applied only to interstate shipments and that this was an intrastate shipment. As this was an interstate transaction, the evidence was admissible and such rule fixed and determined the extent of recovery by defendant in error. B. & M. R. Co. v. Hooker, 233 U. S. 97, 34 Sup. Ct. 526, 58 L.

---

Ed. 868, L. R. A. 1915B, 450, Ann. Cas. 1915D, 593; M., K. & T. Ry. Co. v. Hailey (Tex. Civ. App.) 156 S. W. 1119; Wright v. Southern Pac. Co., 181 Mo. App. 137, 167 S. W. 1137. Liability with reference to interstate shipments must be determined solely by federal laws and decisions, and article 708 of our statutes has no application. Adams Express Co. v. Croninger, 226 U. S. 491, 33 Sup. Ct. 148, 57 L. Ed. 314, 44 L. R. A. (N. S.) 257; Shroyer v. C. R. I. & G. Ry. Co., 111 Tex. 24, 222 S. W. 1095, 226 S. W. 140; T. & P. Ry. Co. v. Richmond & Tiffany, 94 Tex. 571, 63 S. W. 619; G. C. & S. F. Ry. Co. v. Mill & Grain Co. (Tex. Civ. App.) 162 S. W. 1191; G. H. & S. A. Ry. Co. v. Sparks (Tex. Civ. App.) 162 S. W. 943.

[3, 4] But we are confronted with the situation that there is nothing in evidence in this case showing what were the provisions of baggage tariff No. 25—2 and rule 10 thereof. Courts may take judicial notice of the orders of the President and all general orders of the Director General of Railroads, but we are not prepared to now hold that we can take judicial notice of the numerous tariffs and rate regulations promulgated by the Railroad Administration. Therefore, whether the provisions of the tariff with reference to limitation of liability for baggage be applied to intrastate and interstate transactions alike, or only to interstate, there is no sufficient evidence upon which to base a judgment. Even though the evidence is undisputed, and is in the nature of a written instrument, yet, if it is excluded by the trial court, it cannot be made the basis of a judgment. Eidson v. Reeder et al., 101 Tex. 202, 105 S. W. 1113.

The trial court should have admitted rule 10 in evidence, and under the facts of the case should have limited the recovery to $100.

We recommend that the judgment of the Court of Civil Appeals and of the district court be reversed, and the cause be remanded.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.