# JULY, 1919

E. G. HANRICK, ET AL. v. NICHOLAS HANRICK, ET AL.

No. 2342.   Delivered February 10, 1915, July 12, 1919.

(214 S. W., 321.)

1.—Judgment—Partition.

A former judgment settled the rights and interests of the various litigants in the land in controversy, but remanded the cause for ascertainment only of the amount of compensation due one proprietor in common for expenditures (compromises, taxes, etc.,) made in the common interest, for which a portion of the land, of value equivalent, was directed to be set aside to such proprietor before the partition of the remainder between the parties in proportion to their respective interests as settled by such judgment. This compensation was ascertained in subsequent trial, and partition ordered in accordance with such finding and the previous decree, and this judgment affirmed on appeal. Thereafter, the trial court proceeded to make partition accordingly. On appeal from the decree of partition, it is held:
1. That the previous decrees precluded a party thereto from again litigating, in such partition, the amount to be adjudged to the other for such expenditures made in the common interest; or from having a general

readjustment between them on the basis of their equities growing out of previous sales made by each respectively of parts of the land.

2.  That the court in the former judgments had power to determine and had determined the respective rights of these ligitants in the land as between each other, as well as between them and adverse parties against whom they were ligitating over the title.

3. Having full opportunity in previous hearings to present his equities as against the claim of his co-owner for expenditures in the common interest, he was bound by the judgments thereon and could not question a decree of partition made in accordance with them.

4.  (On motion for rehearing).  A finding in the trial court that the tract set apart to his adversary as compensation for expenditures in the common interest was undervalued, and worth more than the amount awarded as such compensation, was not available for reversal to a complainant, who by the findings, appeared to have already received more than his common interest through sales made by him as tenant in common, or in the discharge of his personal obligation, and who was therefore not entitled to complain of the partition.  (Pp. 60-67.)

### 2.—Parol Evidence—Partition—Res Adjudicata.

A tenant in common conveyed a portion of the land in satisfaction of the fees of attorneys for litigation over the title.  Held, on partition between him and his cotenant, that parol evidence was admissible to show that the debt to the attorneys had been assumed by such cotenant, and was his personal  obligation, for the  discharge of which  the land so  conveyed should be charged to him in the partition; that he was bound by a judgment allowing his cotenant compensation for this in the partition, by ascertaining its value and directing the setting aside of a portion of the common land as compensation for this and other expenditures for common benefit, before partition of the balance, and that such land in making the partition, was properly chargable to him and not to the cotenant, who had so conveyed it. (P. 67.)

### 3.—Practice—Invited Error.

One who has requested a special issue to be submitted to the jury, can not complain on the ground that there was no evidence to warrant its submission.  (P. 67.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Falls County.

Writ of error was obtained by R. A. Hanrick, and others, the heirs of E. G. Hanrick, on judgment of the Court of Civil Appeals, affirming in part and in part reversing with instructions, a judgment of partition (139 S. W., 72).

*Spivey, Bartlett & Carter, Z T. Harlan, O. L. Stribbling, F. A. Williams,* and *N. A. Stedman,* for plaintiffs in error.

*Sleeper, Boynton, & Kendall, J. W. Taylor,* and *J. N. Gallagher,* for defendants in error.

Mr. Justice PHILLIPS delivered the opinion of the court.

The  present  case,  constitutes  another  chapter  in  what  may  be properly  termed  the  ancient  and  continuing  controversy  in  the courts of this State over the lands belonging to the estate of Edward

Hanrick, since the original action was instituted in the year 1878, and, as is revealed by this record, some of the issues, of which it was the fruitful source, apparently still remain unquieted. It would seem that the able and exhaustive opinion rendered in the case by Mr. Justice Williams in the year 1900, and reported in 93 Texas, 458-482, should have led to a speedy termination of the litigation, since it defined with clearness and precision the rights of the parties and remanded the case for the settlement of but one subordinate issue. But it appears that the determination of that issue has in itself afforded a new controversy of rival force and duration. If, as runs the maxim, Time is the common arbitrator of all things, and in its fullness cures that which reason fails to heal, the final result of this suit ought to be approximately just.

As will be seen by reference to the opinion in Hanrick v. Gurley, 93 Texas, 458, above referred to, the District Court judgment from which that appeal was prosecuted, established, among other things:

1. The right of E. J. Gurley to one-third of the land is controversy.

2. The right of E. G. Hanrick to one-third of the remainder.

3. The right of E. G. Hanrick to charge upon the common lands involved, the amount found in his favor for court costs and taxes expended by him.

Reforming the judgment of the District Court in two particulars not material to a statement of the case as it now stands, it was by this court affirmed upon that hearing, except as to E. G. Hanrick's claim for contribution. Upon that issue alone the judgment was reversed and the cause remanded for the sole purpose of a proper account being taken upon that claim. Before this issue came on for re-trial in the District Court, E. G. Hanrick had died, and his heirs made themselves parties. Notwithstanding an effort to re-litigate a number of the issues settled by the opinion of this court on the previous appeal, the District Court properly confined the trial to the one issue for the determination of which the cause had been remanded; and, on February 18, 1903, adjudged the just amount of the Hanrick claim to be $18,785.89. With the partition of the entire land between all the parties according to their respective rights as determined by this court, remaining to be effected, this decree of the District Court, after directing that the commissioners of partition should first set aside to the heirs of E. G. Hanrick land of the value of $18,785.89 in satisfaction of the claim allowed them in that amount, then proceeded to direct in what manner the remaining lands should be partitioned between the parties. Among other things, it adjudged that E. J. Gurley recover against all other parties an undivided three-ninths interest in all the lands in controversy; and that the estate of E. G. Hanrick recover likewise an undivided two-ninths interest in the land in the la Serda grant and an undivided fourteen-fifty-fourths interest in the land in the

Zarza grant. In connection with the Gurley and E. G. Hanrick interests it further decreed as follows:

"All the land in controversy not embraced in the boundaries of Exhibit F. attached to plaintiff's petition (a copy of which is later set forth in the decree) shall be set aside to R. A. Hanrick and Nannie Hanrick as legal representatives of the estate of E. G. Hanrick, and valued at zero. The lands described in said Exhibit F shall be valued by the commissioners and divided into two parts, one part to embrace in value four-ninths of the whole, less one-sixth of the value of the land in said Exhibit F. on said Zarza grant; and the other part to embrace five-ninths in value of the whole, plus one-sixth of the value of the land in said Exhibit G on said Zarza grant, the latter to be set aside to the estate of E. G. Hanrick and E. J. Gurley; and the court directs that the lands so set apart to the estate of E. G. Hanrick and E. J. Gurley shall include all tracts of land sold by them, or either of them, before the institution of this suit, and of said portion so allotted to the estate of said E. G. Hanrick and E. J. Gurley three-ninths in value of the same shall be set apart to E. J. Gurley and the remainder shall be set apart to said legal representatives of the estate of E. G. Hanrick, the lands allotted to the said Gurley to include one-third in value of the tracts of land sold by E. G. Hanrick and E. J. Gurley or either of them before the institution of this suit, and also the 4,113-acre tract heretofore set aside to said Gurley by interlocutory decree at the instance of the intervenors R. L. Brown and the American Freehold Land Mortgage Company, Limited of London; and the lands so allotted to the estate of E. G. Hanrick shall include two-thirds in value of the tracts of land so sold by either Hanrick or Gurley before the institution of this suit, and shall also include the lands improved by them so far as possible."

It also contained this provision:

"In making partition of the lands embraced in said Exhibit F said commissioners shall estimate the same according to its value at the present time as raw and unimproved land without regard to improvements made thereon, taking into consideration the situation, quantity, and quality and advantage of each share; and, if in making said partition it should become necessary to allot to any of the parties to this suit any portion of the lands embracing improvements made thereon by E. G. Hanrick, then in such event the value of such improvements on the part so taken shall be considered and estimated against such party."

The partition was not then proceeded with, however, as an appeal from that judgment was prosecuted by Gurley and the heirs of E. G. Hanrick. The result was the affirmance of the judgment by the Court of Civil Appeals, (Hanrick v. Hanrick, 81 S. W., 795), and the refusal of a writ of error by this court.

Following the settlement of this last appeal, the commissioners made the partition under the District Court decree of February 18,

1903.  Their report proved acceptable to all parties, except Gurley and the E. G. Hanrick heirs.  There then developed a contest over the report of partition between the last named parties, in the trial of which certain special issues of fact were submitted to a jury. The present appeal was taken by Gurley from the judgment of the District Court as rendered upon the report of partition and the findings of the jury in that contest.  The honorable Court of Civil Appeals reversed the judgment and remanded the issues between Gurley and the E. G. Hanrick heirs, which, alone were involved in the appeal, for further trial.  A writ of error was then allowed by this court upon the petition of the E. G. Hanrick heirs, upon the ground that the judgment of the Court of Civil Appeals practically settled the case.

In accordance with the decree of the District Court of February 18, 1903, the commissioners of partition set apart to the E. G. Hanrick heirs a tract of 1759 acres out of the Zarza grant, a part of the common lands in controversy, in satisfaction of the claim of $18,785.89 established by the decree in their favor against the common estate, and interest thereon from the date of the decree, $5,541.83, termed in the proceedings as "the compensation tract." Their right to this tract was later confirmed by the final judgment, though upon a different ground, which was, that under the findings of the jury upon the contest between them and Gurley, E. G. Hanrick was shown to have established, as against Gurley, a limitation title to the tract.  The jury trying that contest found that the value of the 1759-acre tract, in its raw state, was $18 per acre, according to which valuation the value of the tract set apart to the E. G. Hanrick heirs exceeded the amount of their claim, including the interest thereon allowed by the commissioners of partition, by $7,334.28.

The general question involved in the present controversy is the right of the E. G. Hanrick heirs to the award of this 1759-acre tract.  It appears to be an admitted fact that when the partition of the entire land in controversy in the original action came to be made between all the parties, it developed that Gurley and E. G. Hanrick, in his lifetime, and the latter's heirs after his death, had, aside from the 1759 acres, sold such quantities of the common lands as to entirely exhaust the interests decreed to them respectively in the judgment of February 18, 1903, which defined the basis of the partition.  That is to say, it was disclosed that, excluding the 1759 acres, Gurley and E. G. Hanrick and his heirs had, by their several and joint sales, already appropriated the full *quantum* of land to which they were entitled under the judgment, producing the situation, therefore, that in no event was any of the land, other than the 1759 acres, subject to allotment to either the Gurley or the E. G. Hanrick interest in its own right.  Many of these sales, it appears, had been made jointly by Gurley and E. G. Hanrick, or

by Gurley and Hanrick's heirs, or their representatives, the proceeds being divided between them, and the transactions extending over a protracted period. Their respective contentions as to which interest was chargeable with some of the sales produced, in the main, the contest between them which constitutes the present controversy. The commissioners of partition, for instance, found that a sale of a tract of 1625 acres, known as the Goodrich & Clarkson tract, should be charged against the E. G. Hanrick interest. The E. G. Hanrick heirs contended that it should be charged to Gurley alone. The jury found in favor of their contention. A further contest of the report was made by Gurley in respect to his being charged, as between him and the E. G. Hanrick interest, with other tracts. In a word, aside from his contention that the commissioners of partition undervalued the tract of 1759 acres awarded by them to the E. G. Hanrick heirs in satisfaction of their $18,785.89 claim, which, under the finding of the jury on the question, is apparent, the position of Gurley is that a true accounting of the sales of the lands made by E. G. Hanrick or his heirs, or with which that interest is properly chargeable, reveals the previous disposition by that interest of an excess over its share in the lands, which excess should be off-set against the $18,785.89 claim; that this would result in there being freed for partition between the E. G. Hanrick heirs and him self the 1759-acre tract, in which, upon an adjustment of the equities between them, he is entitled to share in order to obtain his full one-third interest in the lands decreed him by the judgment.

This embodies three propositions:

1. A right in Gurley, notwithstanding the judgment of February 18, 1903, to which he was a party, to re-litigate the E. G. Hanrick claim for expenditures made for the benefit of the common estate, as established by the judgment; and, on account of the alleged excess sales chargeable against the Hanrick interest, either to defeat the claim entirely or obtain its diminution.

2. A further right, notwithstanding the original judgment as reformed and affirmed by this court in 93 Texas, 458, which es-tablished the respective interests of Gurley and E. G. Hanrick in the common lands, and the judgment of February 18, 1903, which re-affirmed such interests and decreed the partition accordingly, to have a general readjustment of those interests as between each other so as to obtain an allowance of Gurley's equities against the E. G. Hanrick interest; and

3. An additional right in Gurley to appropriate the land set aside for the settlement of the E. G. Hanrick claim, to the satis-faction of his interest as determined by an adjustment of his and the E. G. Hanrick interests between each other. To allow this to be done involves, substantially, the re-opening of the case as be-tween these, now, two rival interests. It would amount, in effect, to a holding, either that the previous judgments rendered in this

prolonged controversy settled nothing as between Gurley and E. G.
Hanrick and the latter's heirs and were conclusive only of their
rights as against the other parties, or, if conclusive of these issues
as between them, that the court was without jurisdiction to adjudi-
cate them.  The court very clearly, in our opinion, had the power
to determine the rights of Gurley and E. G. Hanrick's heirs in the
land, not only against the other parties to the suit, but as against
each other; and did so in the judgment of February 18, 1903.
If the Hanrick claim against all the other parties, including Gurley,
for the expenditures made for the benefit of the common estate, was
subject to be defeated or to diminution for any. cause, the time and
place to have made the issue was in the trial to which the cause was
remanded by this court for the express ascertainment of the just
amount of that claim.  It was established upon that trial, to which
Gurley was a party, as amounting to $18,785.89; and by the judg-
ment then rendered it was decreed that "the commissioners should
*first* set aside to the estate of E. G. Hanrick land of the value of
$18,785.89, and the remainder of said land shall be divided among
the respective parties entitled to participate in same as heretofore
provided and in proportion to the interest held by them respectively
as set forth in this decree."  That judgment was appealed from,
was affirmed, and became final.  It established the claim as a prior
charge upon all the interests in the lands, as this court had held
should be its rank, since its basis was an expenditure for the com-
mon benefit of all; and that it should be first satisfied by the allot-
ment of land for its satisfaction, *the remainder* to constitute the
lands subject to partition among the several parties.  If Gurley,
in order to obtain his full one-third interest in such remainder,
was entitled to have any part of or interest in the land otherwise
subject to allotment to the E. G. Hanrick estate for the satisfaction
of this claim, decreed to him; or, if to secure that result it was
his right to have such provision made as against the E. G. Han-
rick interest, full opportunity to obtain that relief was afforded him
in the previous trial.  To have obtained it, granting that it was
necessary, it is apparent that the court would have been required in
that proceeding either to reduce as against Gurley the general in-
terest recoverable by the E. G. Hanrick heirs, or else provide that
Gurley should share to the extent of his deficit in any land appro-
priated to the satisfaction of the E. G. Hanrick claim.  His con-
tention here is, substantially, that having failed to obtain a decree
to the latter effect in any of the former proceedings in the case,
he is still entitled to raise the question and obtain it now through a
readjustment of his rights against the E. G. Hanrick interest, no
relief being sought against any other interest.  In other words, it
is that because he did not discover or realize, when the judgment
of February 18, 1903, was rendered, that the sales properly charge-
able against the E. G. Hanrick interest, made either severally or

jointly with himself, would reveal, upon a true accounting between himself and the E. G. Hanrick heirs, the disposition of an excess of lands over the proper share of that interest, rendering it necessary, in order for him to obtain his full interest, that he be allowed to share in the lands to which the Hanrick estate was entitled for the satisfaction of its claim, he is entitled now, in the partition, though the judgment of February 18, 1903, does not so provide but to the contrary excludes any such right, to have an interest to the extent of his deficit established in any land allotted for the satisfaction of the Hanrick claim, and to a partition of such land accordingly. We are of the opinion that he is clearly concluded by the judgment. According to it, Gurley has no interest in the Hanrick claim, nor in any land set aside for its satisfaction. With his and the rights of the Hanrick heirs already fixed by the judgment, their revision so as, in effect, to decree him an additional interest, effectuated by means of the partition, could not be had in a mere hearing upon the commissioners' report of partition. These questions should have found their settlement in the judgment of February 18, 1903, at the latest, and it therefore concludes them.

With the full opportunity which Gurley has had to obtain their adjustment during all the years this litigation has been pending, he is not entitled to now re-open the controversy for that purpose.

The E. G. Hanrick heirs were alike concluded by the judgment, and could, therefore, assert no limitation title to the 1759-acre tract in the contest arising upon the commissioners' report; but as under the judgment Gurley had no rights in it, the judgment of the District Court, sustaining the award of the tract to them as made by the commissioners, was proper.

The judgment of the Court of Civil Appeals is reversed and that of the District Court is affirmed.

## ON MOTION FOR REHEARING.

There is one feature of the case as to which we are not clearly satisfied and upon which we have concluded to invite further argument at the hands of counsel for the plaintiffs in error, with the right of opposing counsel to reply.

It is this:

Conceding that the previous judgments foreclose the right of Gurley to any general readjustment of his and E. G. Hanrick's interests, is he not entitled to challenge the setting aside to the E. G. Hanrick interest of more land than is necessary to satisfy the Hanrick claim of $18,785.89 and interest; and to the extent that the tract of 1759 acres exceeds in value the full amount of the Hanrick claim, is he not entitled to have partitioned to him an interest therein on the basis of rights fixed by the previous judgments?

Counsel for plaintiffs in error are requested to file written argument on these questions within ten days.

## ON MOTION FOR REHEARING.

We have, under the motion for re-hearing, again reviewed the case. We are convinced that the true and just result was reached by the judgment of the District Court, and our action in affirming it should therefore stand.

One statement in the original opinion is open to misconstruction, and should be withdrawn. It is that 'Gurley had no interest in any land set aside for the settlement of the Hanrick claim for contribution.' For the satisfaction of that claim the Hanrick interest was entitled in the partition to no more land than was necessary for the purpose, and had an excessive allotment been made to the prejudice of Gurley, he would have the right to challenge it.

It is clear to us, however, that Gurley is in no position to complain of the award of 1759-acre tract to the Hanrick interest in satisfaction of the contribution claim, even if it be true, as found by the jury, that the tract was undervalued by the commissioners of partition. The jury also found that the 1625-acre tract conveyed by E. G. Hanrick and Gurley to Goodrich & Clarkson in consideration of their legal services was for the sole benefit of Gurley. There was ample support, resting in Gurley's repeated admissions in respect to the very transaction, for the finding. Gurley cannot complain of the submission of the issue. He, himself, requested its submission. With this true, there was no warrant for the Court of Civil Appeals' reversal of the judgment, on Gurley's complaint, upon the ground of there being no legal evidence to raise the issue. Its holding, however, upon the latter question is in our opinion incorrect. The actual and entire consideration of the conveyance to Goodrich & Clarkson could be shown by parol evidence. Gurley's admissions constituted sufficient proof that the consideration was the discharge of his individual obligation to pay Goodrich & Clarkson for their services out of his interest, and that the conveyance was made upon that understanding.

If Gurley be charged in the partition with the 1625-acre tract so conveyed to Goodrich & Clarkson, he has received even more than what he here contends was the excessive allotment to the Hanrick interest in the award to it of the 1759 acres as valued by the jury. He was therefore not prejudiced by the award, and is in no position to complain of it.

The motion for rehearing is overruled.

*Reversed and judgment of District Court affirmed.*