## STATE BANK & TRUST CO. v. DAVIS.*
### (No. 9320.)

(Court of Civil Appeals of Texas. Dallas. Feb. 7, 1925. Rehearing Denied March 14, 1925.)

Appeal and error ⬅️882(14)—Defendant cannot complain of submission of special issue requested by it.

In depositor's action against bank, defendant could not complain of submission of special issue as to whether depositor's agreement to pay indebtedness held by it against company of which depositor was stockholder and vice president was continuous where such issue was requested by it and no request for peremptory instruction was made.

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by B. F. Davis against the State Bank & Trust Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Huvelle & Atwell, and Cecil L. Simpson, all of Dallas, for appellant.

Thomas, Frank, Milam & Touchstone, and Hobert Price, all of Dallas, for appellee.

LOONEY, J. Judgment was rendered by the trial court in favor of B. F. Davis, appellee, against State Bank & Trust Company, from which it has prosecuted this appeal.

On February 12, 1923, appellee had on deposit with appellant, a banking corporation of Dallas, Tex., the sum of $7,000, and on that day drew a check for the full amount, which was dishonored by appellant, and this suit resulted.

Appellant attempted to justify its refusal to pay the check of appellee on the grounds: (1) That the B. F. & C. M. Davis Company, a corporation, of which appellee was a stockholder and vice president, was at the time indebted to it in the sum of $3,166.10, evidenced by a promissory note then past due, given for money loaned the company on the oral promise of appellee that he would personally sign the note of the company and pay the debt; and (2) that appellee agreed to leave with appellant a special personal deposit in an amount sufficient to cover the indebtedness of the company. For these reasons, appellant claimed the right to pay the company's note out of appellee's funds.

The court rendered judgment for appellee on the special verdict of the jury, which will appear below, for the sum of $3,334.65 with 6 per cent. interest. The discrepancy between the amount sued for, and the amount of the judgment, is due to the fact that by agreement of parties, appellee, during the pendency of the suit, was permitted to check out the remainder of the deposit.

On the issue as to whether appellee agreed to leave with appellant a special personal deposit in an amount sufficient to cover the indebtedness of the company, the court propounded to the jury the following question:

"Special Issue No. 1. Was it agreed between the plaintiff and Slaughter, representing the bank, that the $4,000 then in the defendant bank belonging to the plaintiff should remain in the bank as a special deposit to secure the payment of the note executed to the defendant bank by B. F. & C. M. Davis Company? Answer yes or no on the line below."

---

To this question the jury answered, "No."

In response to the issue as to whether appellee agreed to personally sign the note and pay the indebtedness held by appellant against the Davis Company, the court submitted, at the request of appellant, the following special issues:

"Special Issue No. 2. Was there ever an agreement beteween plaintiff and defendant bank that all notes executed by B. F. & C. M. Davis Company for money borrowed from defendant should also be signed by plaintiff personally? Answer yes or no on the line below."

To this question the jury answered, "Yes."

"Special Issue No. 3. If you have answered 'yes' to the foregoing question, then state whether or not this agreement was continuous and extended over the period of time including the date of the last renewal note of $3,150 dated November 24, 1922."

To this the jury answered, "No."

Appellant contends that the court below erred in rendering judgment for appellee and in refusing to render judgment in its favor, in view of the answer of the jury to special issue No. 2 to the effect that appellee did agree to personally sign all notes given by the Davis Company for money borrowed from appellant, and this insistence is made notwithstanding the answer of the jury to special issue No. 3 to the effect that said agreement was not continuous and did not extend over the period of time including the date of the execution of the note in question.

This contention of appellant is based on the idea that special issue No. 3 should not have been submitted, although submitted at its request, and that the answer of the jury thereto should be treated as surplusage.

This contention, in our opinion, cannot be sustained. Appellant had made no request for a peremptory instruction, and, by requesting the submission of the special issue, said to the court, in effect, that it was upon a controverted issue of fact and supported by evidence. In this status of the record, to permit appellant to complain of the action of the court in granting its request, and to have the verdict of the jury in response to the requested instruction reviewed on the ground that the evidence did not justify the submission of the issue, would be to permit a toying with the court.

The rule that governs a situation like this was announced in Shear Co. v. Smith (Tex. Civ. App.) 250 S. W. 727, in the following language:

"The last two special issues hereinabove set out were, as before stated, specially requested by appellant. By requesting them appellant put itself in the position of vouching to the court that such issues were proper to be submitted to the jury, and that they were material controverted issues of fact. Accordingly, appellant in these circumstances cannot now be heard to complain that the evidence was insufficient to sustain the respective answers to them rendered by the jury. When a party requests and obtains an issue to be submitted to the jury, he thereby precludes himself of the right on appeal to have reviewed the action of the trial court in granting his request if the finding of the jury is adverse."

This doctrine is sustained by the following authorities: Hanrick v. Hanrick, 110 Tex. 59, 214 S. W. 321; Smith v. Harris (Tex. Civ. App.) 252 S. W. 836; Alamo Oil & Ref. Co. v. Curvier (Tex. Civ. App.) 136 S. W. 1132; Sanford v. Nueces River Val. R. Co. (Tex. Civ. App.) 143 S. W. 329; and Henry v. McCown (Tex. Civ. App.) 140 S. W. 1170.

It will not be necessary for the court to dispose of the question, so elaborately briefed and argued by both sides, as to whether the alleged agreement on the part of appellant to answer for the debt of the B. F. & C. M. Davis Company was within the statute of frauds, for the reason that the jury found as a fact that no such agreement was in existence at the time the note in question was executed.

Finding no reversible error, the judgment of the court below is affirmed.

Affirmed.