## GULF, C. & S. F. RY. CO. v. LIPSHITZ.

### No. 873.

Court of Civil Appeals of Texas. Waco.

May 15, 1930.

Rehearing Denied July 2, 1930.

goods to said consignee at said destination. Appellee further alleged that appellant "has wholly failed to ship said carload of rags and to deliver the same in St. Louis, Missouri, but has converted the same to their own use and benefit and has unlawfully destroyed and disposed of the same." Based on said allegations, appellee prayed for judgment for the value of said carload of rags in the sum of $1,303.47.

Appellant pleaded in answer to appellee's demands that it received said carload of rags for transportation to St. Louis as alleged by appellee, under a bill of lading executed by both parties; that there was in existence at the time a certain tariff schedule which, among other things, prohibited the transportation in interstate commerce of explosives or other dangerous articles; that dangerous articles as defined therein included "rags or cotton waste oily with more than five per cent of vegetable or animal oil"; and that such oily rags and cotton waste were included in said shipment. Appellant further alleged that such oily rags and waste were willfully and wantonly included in said shipment by appellee, with full knowledge that the same were by reason of their oily contents inflammable, combustible, and likely to ignite by spontaneous combustion and set fire to the contents of said car; that appellant fraudulently concealed such condition for the purpose of securing transportation of the contents of said car, contrary to the provisions of law and the rules and regulations of the Interstate Commerce Commission. Appellant further specially pleaded the following provision of said bill of lading: "Every party, whether principal or agent, shipping explosives or dangerous goods, without previous full written disclosure to the carrier of their nature, shall be liable for and indemnify the carrier against all loss or damage caused by such goods, and such goods may be warehoused at owner's risk and expense or destroyed without compensation."

Appellant further alleged in that connection that the rags were not damaged by reason of any negligence on its part, but that the same were set on fire by spontaneous combustion due entirely to the inherent nature and quality of the same arising from their oily condition as aforesaid, and that but for such condition they would not have been destroyed by fire. Appellant further pleaded that, as soon as it was discovered that the contents of said car were on fire, the fire was put out, and that, after appellee had refused to retake and unload said rags, the same were unloaded by it in the open, such action being necessary to prevent all said rags from being destroyed by said fire, that thereafter said rags were again tendered to appellee, and that he refused to accept the same.

Nat Harris, of Waco, and Terry, Cavin & Mills, of Galveston, for appellant.

James P. Alexander and W. R. Poage, both of Waco, for appellee.

GALLAGHER, C. J.

Appellee, Louis Lipshitz, doing business under the firm name of Lipshitz Smelting & Refining Company, instituted this suit to recover of appellant, Gulf, Colorado & Santa Fé Railway Company, the value of a carload of rags delivered to it by appellee at Waco, Tex., and consigned to Aaron Ferer & Son at St. Louis, Mo. Appellee alleged the issuance and delivery to him by appellant of a bill of lading, by the terms of which appellant agreed to transport and deliver said

Based on the above-quoted stipulation of the bill of lading, appellant sued by cross-action for damages to said car resulting from the fire in the sum of $147.05. Appellant also sued for freight charges in the sum of $67.-35 which had accrued by reason of the transportation of a part of said carload of rags from Brownwood to Waco, where the loading was completed and said car sealed and delivered to appellant for transportation to St. Louis.

Appellant at the close of the evidence requested in general terms a peremptory charge in its favor, which was refused. The case was then submitted to a jury on special issues. The issues prepared and submitted by the court, with the answers of the jury thereto where answered, were as follows:

"(1) Did any of the rags loaded by plaintiff in car AT61902 contain more than five per cent vegetable oil? Answer: Yes.

"(2) Were such rags, if any, containing vegetable oil, if any, the proximate cause of the fire? Answer: No.

"(3) Did any of the rags loaded in said car contain oil? Answer: Yes.

"(4) Did the oily rags, if any, constitute dangerous goods? Answer: Yes.

"(5) What was the reasonable market value of the rags in question at Waco, Texas, when delivered to the railroad company? Answer: $941.67.

"(6) Was said car damaged by reason of said fire? Answer: Yes.

"(7) Were the rags containing vegetable oil, if any, the proximate cause of the damage, if any, to said car? Answer: No.

"(8) Were the oily rags, if any, the proximate cause of the damage, if any, to said car? Answer: No.

"(9) What amount of money, if any, did the defendant expend for reasonable and necessary repairs if any, on said car by reason of said fire? Answer:———.

"(10) What was the reasonable amount of freight charges on said shipment from Brownwood, Texas, to Waco, Texas? Answer: $67.35."

The special issues submitted at the request of appellant and the answers of the jury thereto were as follows:

"(1) Was the damage to the rags involved in this suit, if you find the same were damaged, the direct and proximate result of the inherent nature of the rags? Answer: No.

"(2) Was the damage, if any, to the car AT 61902 the direct and proximate result of the inherent nature of the rags contained therein? Answer: No.

"(3) Was the damage, if any, to car AT 61902 the proximate result of the dangerous goods contained therein? Answer: No."

There was no request by either party for the submission of any other issues. Appellant filed a motion for judgment in its favor on the verdict, which was overruled. The court rendered judgment on the verdict in favor of appellee against appellant for the sum of $874.32, being the value of said carload of rags as found by the jury, less the freight found to be due for transporting said car from Brownwood to Waco, where loading was completed. Appellant filed a motion for a new trial, which was overruled. Certain paragraphs thereof are presented as assignments of error.

## Opinion.

Appellant in its first assignment of error complains of the submission of appellee's case to the jury; in its second, third, and fourth of the refusal of the court to give a peremptory charge in its favor; and in its eleventh of the action of the court in entering judgment for appellee upon the verdict. Appellant by various propositions submitted under said assignments assails the action of the court in the matters complained of, on the ground that appellee predicated his right to a recovery upon an alleged conversion of said shipment of rags, and that the testimony introduced wholly failed to show a conversion. Appellant further contends in this connection that the testimony precludes a finding of conversion, in that it shows that the rags were damaged or destroyed by fire. Appellant further contends that said shipment of rags constituted dangerous articles within the rules and regulations of the Interstate Commerce Commission; that the same could not be transported nor warehoused; that it was compelled to unload them in the open; and that it thereafter tendered them to appellee and that he refused to receive the same. Appellee's allegations upon which he relied for recovery herein have been hereinbefore set out in substance. No allegation that said rags were destroyed by fire was included therein. Appellant, however, was not content with a mere denial of any act constituting conversion. It pleaded affirmatively and specifically that the rags contained in said car were, by reason of their condition and inherent qualities, ignited by spontaneous combustion, and not by reason of any negligence on its part, and that said rags were in part at least destroyed by such fire.

It is a well-established rule in this state that, in determining whether a judgment is supported by the pleadings, the court will consider the pleadings of both parties, and that omissions in the pleadings of one party may be supplied by the allegations in the pleadings of the other. Ray v. Barrington (Tex. Civ. App.) 297 S. W. 781, 783, par. 1; Wilson v. Duncan (Tex. Civ. App.) 269 S. W. 239, 241, par. 2, and authorities there cited; Morrison v. Cloud (Tex. Civ. App.) 13 S. W.

(2d) 735, 737, par. 3. That said carload of rags was received by appellant from appellee to be transported to and delivered at St. Louis was alleged in substance by both parties, was supported by the testimony introduced, and in no way contradicted. That said shipment was not so transported nor delivered, but was in fact damaged or destroyed by fire while still in appellant's yards at Waco, was alleged by appellant, and was also supported by the testimony and not controverted. The case was submitted to the jury on the issue of whether the fire which damaged or destroyed said shipment of rags resulted from spontaneous combustion caused by the condition and inherent quality of said rags. Appellant's objections to the issues submitted were in the main based on its contention that appellee "had wholly failed to make out a case," without specifying in what particulars the testimony was insufficient to justify a recovery. No other issues were requested. Our courts have frequently held that, even where liability for loss, or damage by fire is excepted in the contract of carriage, when it is shown that a shipment of goods was destroyed by fire while in the hands of the carrier, a presumption of negligence arises, and the burden is cast on the carrier to rebut such presumption. Ryan v. M., K. & T. Ry. Co., 65 Tex. 13, 19 and 20, 57 Am. Rep. 589; Brass v. Texarkana & Ft. Smith Ry. Co., 110 Tex. 281, 284, 218 S. W. 1040; Missouri Pacific Ry. Co. v. China Mfg. Co., 79 Tex. 26, 28, 14 S. W. 785; Texas & P. Ry. Co. v. Richmond & Tiffany, 94 Tex. 571, 576, 63 S. W. 619; Texarkana & Ft. Smith Ry. Co. v. Brass (Tex. Com. App.) 260 S. W. 828, 829 and 834, par. 14; Bergman Produce Co. v. American Railway Express Co. (Tex. Civ. App.) 262 S. W. 891, 892 and 893, pars. 1 and 3; Gulf, Colorado & Santa Fé Ry. Co. v. Roberts (Tex. Civ. App.) 85 S. W. 479 et seq; Mistrot-Calahan Const. Co. v. M. K. & T. Ry. Co. (Tex. Civ. App.) 209 S. W. 775, 776, pars. 3 and 4. We therefore hold that the pleadings of appellee, when considered in connection with the pleadings of appellant, were sufficient to support a recovery for the damage to or destruction of said shipment of rags by fire, and that the testimony, briefly recited above, was prima facie sufficient to support a recovery for the loss sustained.

Appellant, as above stated, further contends in the propositions under consideration that the shipment of rags constituted dangerous goods; that it could not safely transport the same to its destination nor warehouse the same; that it tendered said goods to appellee, and he refused to accept the same. The evidence with reference to the condition of the rags at the time of shipment was sharply conflicting. Appellee and his employees testified that said rags were clean, merchantable, and transportable. The car was loaded and sealed Saturday. Sunday afternoon at 3 o'clock it was discovered on fire in appellant's switch yards. Appellant's witness Rowlins testified that when the car was discovered to be on fire the blaze was coming out of the north end in the corner; that he tried to put the fire out with an extinguisher, but failed; that the switch engine came and carried the car to a hose; that they then burst into the car at that end with an axe, opened the doors, and turned the hose on it. The testimony does not disclose just how much of the contents of the car was burned. Appellant's witness Buckler testified that he could not tell what part of the contents of the car was burned; that he examined the rags remaining in the car on Saturday following the fire, and that they were all wet and mixed up. Appellant's witness Haase testified that he saw the car, to the best of his recollection, on Wednesday following the fire; that it had not been unloaded; that he approached appellee and asked him in the interest of minimizing any claim for damages that might arise if he, appellee, could not handle the rags without prejudice; that he thought appellee could spread the rags, dry them, and use them again; that appellant could not ship them over its line at that particular time because they were wet. He further testified that appellee declined to handle them. Appellant's witness Buckler, who was its agent at Waco at the time, further testified that, after Mr. Haase's interview with appellee, he talked with appellee about selling the rags to him, and that appellee said in the condition they were they did not have any value, and that they would probably cost more to handle than they were worth.

We understand from such testimony that appellant was seeking by these propositions to induce appellee to attempt to salvage the damaged rags remaining in the car after the fire was extinguished. Appellee testified that Haase asked him if he could handle the rags at any price, and that he told him he could not, because they would be too heavy on account of being soaked; that he knew the rags were at that time worthless. He further testified in that connection that he told Haase that he could not handle the rags because there was no market for wet or burned rags. Some time after the examination of the car by appellee's agent, Buckler, which was on the Saturday following the fire, the rags remaining therein were unloaded by the side of a switch track in appellant's yards, where a part at least of the same remained at the time of the trial. Appellant introduced several witnesses who testified that some greasy rags were discovered in the contents of said car prior to the unloading, and that many such rags were discovered in unloading the same and at divers times thereafter. Samples of such greasy rags were selected at the time the car was unloaded and at

other times thereafter and submitted to a chemist for analysis. The chemist testified that he made seven separate analyses of samples of greasy rags out of said car; that the oil he got out of all of the same except one looked like mineral oil; that he found vegetable oil only in one rag out of the whole lot, and that it contained 5.52 per cent. of vegetable oil. The testimony showed that this particular rag was selected during the following March from the pile of rags by the right of way where the car was unloaded. There was no contention that any animal oil was found in any of said rags. The chemist further testified that animal or vegetable oil would oxidize, and might under certain circumstances become hot enough to ignite by spontaneous combustion, but that mineral oil would not do so.

Appellant introduced a regulation issued by the Interstate Commerce Commission, classifying "rags or cotton waste oily with more than five per cent. of vegetable or animal oil" as dangerous articles, and forbidding their transportation in interstate commerce. There is no contention that appellant's agents in their conversations with appellee about the disposition of the remainder of the contents of the car not consumed by the fire claimed that said shipment of rags contained prohibited quantities of animal or vegetable oil or that any rule or regulation of the Interstate Commerce Commission was violated by delivering the same to appellant for transportation. As before stated, the discovery of vegetable oil in said rags was not made until about nine months later. We have not attempted to make a complete statement of the testimony. We have recited only sufficient thereof to show that the issues submitted were raised thereby, and that the testimony was insufficient to show as a matter of law that appellant contended at that time in either of said conversations that said shipment of rags was delivered to it in violation of law, or that it repudiated its contract of carriage and tendered the remainder of the rags to appellee on such ground. Appellant did not request the submission of its issue of tender in any form, and by its failure to do so waived the same as a ground of defense. The court submitted as appellee's measure of damage the value of the entire shipment of rags. Appellant has not assigned error on such action. Neither does it in any way complain of the amount of the judgment against it. The evidence was sufficient to sustain an implied finding by the court, in support of the judgment rendered, that the remainder of said rags not consumed by fire were so damaged as a result thereof as to be wholly worthless, and that all the damage suffered by appellee resulted from such fire. We are of the opinion, therefore, that the court did not err in any of the matters com-plained of in the several assignments of error here under consideration.

Appellant in its sixth, seventh, eighth, and ninth assignments of error contends that the findings of the jury in response to special issues Nos. 2, 7, and 8 and its special requested issue No. 3 are unsupported by, and contrary to, the evidence, or the overwhelming weight thereof. Said assignments are presented by appropriate propositions. The jury, as before recited, found in response to special issue No. 2 that the presence of rags in said shipment containing vegetable oil was not the proximate cause of the fire; in response to special issue 7, that such rags were not the proximate cause of the damage to the car in which they were loaded; in response to special issue No. 8, that oily rags contained in said car (without specifying what kind of oil) were not the proximate cause of the damage to said car; and, in response to special requested issue No. 3, that the dangerous goods contained in said car were not the proximate cause of the damage thereto. Without reviewing all the testimony bearing on the cause of the fire, we think that under the rule laid down in Texas & P. Ry. Co. v. Richmond & Tiffany, 94 Tex. 571, 574 et seq., 63 S. W 619, in which the facts were similar, that the cause of the fire was a question for determination by the jury. We further think that appellant is estopped to assert that said findings are without support in the evidence. Special issue No. 3 was given at the request of appellant. Appellant also requested, and the court submitted to the jury for determination, its special issues Nos. 1 and 2. Special issue No. 1 inquired whether the damage to the rags involved in this suit was the direct and proximate result of the inherent nature of the rags, and special issue No. 2 inquired whether the damage to the car was the direct and proximate result of the inherent nature of the rags contained therein. Appellant's sole contention was that the inherent danger of spontaneous combustion in said rags resulted from vegetable or other oil contained therein. While couched in slightly different language, appellant's special requested charges presented the same issues presented by the court's special issues Nos. 2, 7, and 8 complained of by it. Appellant is not therefore in a position to question the sufficiency of the evidence to sustain said findings of the jury. Hanrick v. Hanrick, 110 Tex. 59, 173 S. W. 211, 214 S. W. 321, par. 2; Farmers' Life Ins. Co. v. Wolters (Tex. Com. App.) 14 S.W.(2d) 58, 59, par. 1; Commerce Farm Credit Co. v. Torrence (Tex. Civ. App.) 7 S.W.(2d) 1110, 1112, par. 2; Independent Shope Brick Co. v. Dugger (Tex. Com. App.) 285 S. W. 599, 600, and authorities there cited; Shaw v. Shaw (Tex. Civ. App.) 28 S.W.(2d) 173.

Appellant's only remaining assignments of error are its fifth and tenth. Appellant in both said assignments contends that the court erred in overruling its motion for judgment in its favor on the verdict of the jury. Appellant by various propositions submitted thereunder contends that the finding of the jury that there was included in said shipment a rag or rags containing more than 5 per cent. of vegetable oil, and that the same were dangerous goods, established that the contract of shipment was illegal, and that appellee was therefore precluded from a recovery herein, nowithstanding the further finding of the jury that such dangerous character was not the proximate cause of the fire. Appellant relies in support of this contention upon sections 383 and 385 of title 18 of the United States Code (18 USCA §§ 383, 385), and the regulation of the Interstate Commerce Commission forbidding transportation of such dangerous goods hereinbefore set out. Said sections constitute a part of the Federal Criminal Code, and penalties are provided for their violation. Section 383, so far as applicable herein, provides that the Interstate Commerce Commission shall formulate regulations for the safe transportation of explosives and other dangerous articles, including oxidizing materials. Section 385, so far as applicable, provides that it shall be unlawful for any person to deliver to a common carrier under any false or deceptive marking, description, or invoice, or without informing the agent of the carrier in writing the true character thereof, any such dangerous articles. Apparently the acts so prohibited involve affirmative deception with reference to the character of the articles tendered or deliberate concealment of their character. This construction is indicated, not only by the language used in the prohibition just recited, but is, we think, strengthened, if not rendered conclusive, by the next succeeding sentence of said section, which is, in substance, that whoever shall knowingly violate any provisions of said section or of any regulation made by the Interstate Commerce Commission in pursuance thereof shall be punished as therein prescribed. Guilty knowledge is therefore required before the act of delivery becomes penal. Appellant pleaded that appellee willfully and wantonly included in said shipment rags containing such prohibited quantities of vegetable oil with the fraudulent purpose to secure unlawful transportation thereof. Appellee denied such knowledge and purpose both by his pleadings and by testimony. Appellant did not request the submission of such issue, and it must therefore be held waived, or, in support of the judgment rendered, be deemed found in appellee's favor.

The issue is therefore narrowed to the question of whether recovery can be had by a shipper for negligent damage to or destruction of a shipment of lawful merchandise which, without the knowledge of either the shipper or the carrier, contains a prohibited article or articles, where it is found affirmatively that the presence of such articles did not cause such damage or loss. We think this question must be answered in the affirmative. Appellant having accepted said carload of rags for shipment, and the same having been damaged or destroyed by fire while in its custody, and the jury having found that such fire did not result from the presence of a rag or rags containing prohibited quantities of vegetable oil, the only defense pleaded and relied on by appellant to defeat its common-law liability for the loss resulting from its presumed negligence, the court properly refused said motion. Even where the contract of shipment is illegal, the carrier cannot escape liability for its own negligence while in possession thereof on the ground of such illegality. Adams Express Co. v. Darden (C. C. A.) 286 F. 61, 66, par. 4 (affirmed 265 U. S. 265, 44 S. Ct. 502, 68 L. Ed. 1010) ; Insurance Co. of North America v. Delaware Mutual Safety Ins. Co., 91 Tenn. 537, 19 S. W. 755, 756 and 757 (affirmed Merchants' Cotton-Press & Storage Co. v. Insurance Co., 151 U. S. 368, 14 S. Ct. 367, 374, 38 L. Ed. 195) ; Chicago, R. I. & G. Ry. Co. v. Manby (Tex. Civ. App.) 207 S. W. 157, 158, par. 3 ; Houston & T. C. R. Co. v. Commons (Tex. Civ. App.) 160 S. W. 1107, 1108, par. 2 ; Judge v. Northern Pacific Ry. Co. (C. C.) 189 F. 1014, 1015 and 1016. See, also, Ryan v. M., K. & T. Ry. Co., supra, and authorities cited in connection therewith.

The judgment of the trial court is affirmed.